WM. G. McDANIEL ET AL. V. WM. WEISS ET AL.

*(Case No. 4106.)*

1. EVIDENCE—CERTIFIED COPIES.— A duly certified copy from the records of the district court, of a judgment rendered therein, is admissible in evidence without the aid of the statute making duly recorded instruments admissible, and consequently is not affected by the proviso requiring such instruments to be filed among the papers three days before the commencement of trial. (R. C., 2257.)
2. COMMUNITY PROPERTY.— See statement of case for facts sufficient to support a finding, that land was community property when conveyed to the wife and subject to execution against the husband.

17

APPEAL from Williamson. Tried below before the Hon. W. A. Blackburn.

Suit in trespass to try title to six hundred and forty acres of land in Williamson county. The suit was brought June 25, 1878, by William Weiss and Lou E. Weiss, his wife, against William G. McDaniel, his wife Susan A. McDaniel, and J. W. McDaniel. There was no service had on J. W. Mc-Daniel, and the suit as to him was dismissed. September 9, 1878, defendants William G. and Susan A. McDaniel filed their original answer consisting of a plea of not guilty. January 30, 1880, death of Lou E. Weiss suggested, and William Weiss asked to be made a party plaintiff, as executor of her last will. William Weiss was made a party plaintiff, as executor. January 31, 1880, the cause was tried by the court, the parties having waived a jury. Plaintiff Weiss introduced in proof of his title to the land:

1. Certified copy of deed from the administrator of Margaret McDaniel, deceased, to William G. McDaniel, of date July 20, 1858, conveying the land in controversy.

2. Certified copy of deed from William G. McDaniel to William P. McDaniel, of date February 1, 1867, conveying same land.

3. Certified copy of deed from William P. McDaniel to Susan A. McDaniel, of date September 2, 1874, conveying same land.

The foregoing certified copies were introduced by plaintiffs to prove a common source of title, and were objected as evidence by the defendants, and the objections were overruled and defendants excepted.

4. A paper purporting to be a certified copy of a judgment of the district court of Jefferson county, Texas, rendered on the 29th of November, 1870, in cause No. 495, in favor of William McFaddin, Executor, etc., v. Bendy, McDaniel and Hyde, for $2,355.22 and costs. This paper purports to be certified to by the district clerk of Jefferson county, and was filed in the cause January 28, 1880. Defendants objected to this

paper being read in evidence. Objections overruled, and defendants excepted.

5. A certified copy of the record of that judgment, taken from the records of Williamson county, and certified by the county clerk of that county to be a copy of the record of the judgment in his office. This paper shows that the judgment was filed for record in the county clerk's office of Williamson county, March 17, 1871, and recorded there April 12, 1871. Defendants objected to the introduction in evidence of this paper. Objections overruled, and defendants excepted.

6. A certified copy of an execution issued upon that judgment April 24, 1871, together with the indorsements thereon.

7. A certified copy of another execution issued upon said judgment February 15, 1878, together with the indorsements thereon.

Under this last execution the sheriff of Williamson county, on March 8, 1878, levied upon the land in controversy as the property of the defendant Wm. G. McDaniel, and on the second of April, 1878, the land was sold under the levy and was purchased by Lou E. Weiss for the sum of $64. The two certified copies of executions were objected to by defendants. Objections overruled, and defendants excepted.

8. Deed from S. M. Strayhorn, sheriff of Williamson county, to Lou E. Weiss, of date April 2, 1878, conveying the land in controversy under and by virtue of the execution, levy and sale.

Defendants read in evidence:

1. Deed from Wm. G. McDaniel to W. P. McDaniel, of date February 1, 1867, conveying the land in controversy. Recorded in Tyler county, where executed, on the day of its date, and recorded in Williamson county, where the land is situated, November 5, 1873.

2. Deed from Wm. P. McDaniel to Susan A. McDaniel, of date September 2, 1874, conveying the land. Recorded in Williamson county September 12, 1874.

The evidence showed that Wm. G. McDaniel and S. A. Mc-

Daniel were husband and wife, and there was no evidence that the land was owned by the wife before marriage, or that it was acquired by gift, devise or descent, or that it was paid for with her separate means.

*Willson & Gaines* for appellants.

I. The paper purporting to be a certified copy from the records of the county clerk's office of Williamson county, of a judgment of the district court of Jefferson county, was improperly admitted in evidence. It was admitted to prove that the judgment had been duly recorded in Williamson county. In other words, to prove a judgment lien on the land in controversy. There was no evidence accounting for the absence of the certified copy of the judgment, from which the record in Williamson county had been made. Defendants objected to the paper. Pasch. Dig., arts. 4710, 5014, 7006; Houston City R. R. Co. *v.* Jackson Martin, Tex. L. J., vol. 3, No. 29, March 24, 1880; 1 Greenl. Ev., 82 *et seq.*

II. The paper was not admissible in evidence without proof of its execution or without being filed among the papers of the suit three days before the commencement of the trial, and three days' notice of such filing given to defendants or their attorneys. The paper referred to was filed among the papers in this suit January 28, 1880. Notice of such filing was accepted same day by defendants' attorneys, but without waiver of the three days' time. The trial of the suit was on January 31, 1880. Defendants objected to the introduction of this paper in evidence for the reasons stated in their bill of exceptions. R. S., 2257; Pasch. Dig., arts. 5014, 7006.

III. The title of plaintiff to the land depends solely upon the supposed judgment lien. Pasch. Dig., art. 4988; Watkins *v.* Edwards, 23 Tex., 447; Hawley *v.* Bullock, 29 Tex., 222.

IV. No lien upon the land was acquired by virtue of the record of the judgment. Wm. G. McDaniel conveyed away all his title and interest in the land on February 1, 1867. Susan A. McDaniel became the legal owner of the land by purchase

September 12, 1874.  The judgment was recorded in Williamson county March 17, 1871.  The conveyances from Wm. G. McDaniel to W. P. McDaniel, and from W. P. McDaniel to Susan A. McDaniel, were recorded in Williamson county subsequently to the record of the judgment and prior to the levy upon and sale of the land.  Pasch. Dig., art. 7006;  Hillman v. Meyer, 35 Tex., 538;  Holden v. Garrett, Kansas case, Cent. L. J., vol. 10, No. 5, 95.

V.  If a lien was acquired upon the land by virtue of the record of the judgment, it was lost by a failure to use legal diligence.  The judgment was rendered November 29, 1870, but two executions have issued upon the judgment.  The first execution issued April 24, 1871.  The other issued February 15, 1878, and this was the execution under which the land was levied upon and sold.  Pasch. Dig., art. 7005;  Barron v. Thompson, decided by this court at its last Galveston term, and published in Texas Law Journal, vol. 3, No. 26, 402, 1880;  Russell v. McCambell, 29 Tex., 31.

*Makemson & Fisher* and *D. W. Doom* for appellees.

I.  Appellee denies appellants' proposition, and says that a certified copy of the judgment taken from the minutes of the district court of Jefferson county, where the judgment was rendered, having been read in evidence to establish the judgment, it was proper to admit in evidence a certified copy of the same judgment from the records of the county clerk's office of Williamson county to prove the fact that a transcript of said judgment had been filed for record and recorded in Williamson county, where the land in controversy was situated.  R. S., art. 2252;  Peck v. Clark, 18 Tex., 241;  1 Greenl. Ev., secs. 484, 485.

II.  The defendants having anticipated and set up plaintiffs' chain of title in their pleadings, and attack the same on the ground that the evidences of title to plaintiffs, including this judgment, were fraudulent, null and void, and set up title in themselves, thereby assumed the burden of proof and ought

not to be permitted to object to the same evidence when offered by the plaintiffs. Custard *v.* Musgrove, 47 Tex., 217; Shields *v.* Hunt, 45 Tex., 424; Hill *v.* Allison, 51 Tex., 392.

III. Appellee says that the certified copy of the judgment from the minutes of the court, where it was rendered under the hand of the clerk and seal of the court, proved the judgment in the only manner in which it could be proved, and was admissible in evidence without any previous filing or notice. The certified copy was from the minutes of the district court of Jefferson county, where the judgment was rendered, and was properly certified by the clerk, with the seal of the court. R. S., art. 2252; Winters *v.* Laird, 27 Tex., 616.

IV. If there was no judgment lien plaintiffs were still entitled to recover, unless the land in controversy was the separate property of Mrs. S. A. McDaniel and not the community property of herself and her husband Wm. G. McDaniel; and she having pleaded that the land was her separate property, because it was purchased by her with her own separate money, and that plaintiffs had notice of the facts pleaded, thereby waived her plea of not guilty, and it devolved upon her to make out her defense. R. S., art. 2851; Pasch. Dig., art. 4641; Custard *v.* Musgrove, 47 Tex., 217; Shields *v.* Hunt, 45 Tex., 424; Hill *v.* Allison, 51 Tex., 392; Cooke *v.* Bremond, 27 Tex., 457; Smith *v.* Boquet, 27 Tex., 507; Mitchell *v.* Marr, 26 Tex., 329; Dunham *v.* Chatham, 21 Tex., 231; Smith *v.* Strahan, 16 Tex., 323.

V. The record of a transcript of the judgment in Williamson county created a lien on the land in controversy, as the property of Wm. G. McDaniel, and that the lien thus acquired was superior to a prior unrecorded deed from Wm. G. McDaniel to Wm. P. McDaniel, and was not defeated by the subsequent recording of the deed. The judgment was filed for record in Williamson county on the 17th day of March, 1871. The deed from Wm. G. McDaniel to Wm. P. McDaniel was filed for record in Williamson county on the 4th day of November, 1873. The deed from Wm. P. McDaniel to S.

A. McDaniel was filed for record in Williamson county on the 12th day of September, 1874. Pasch. Dig., arts. 7005, 7006; Mainwarring *v.* Templeman, 51 Tex., 205; Grace *v.* Wade, 45 Tex., 522.

GOULD, ASSOCIATE JUSTICE.— The duly certified copy from the records of the district court of Jefferson county, of a judgment rendered in said court, was admissible in evidence without the aid of the statute making duly recorded instruments admissible, and consequently was not affected by the proviso requiring such instruments to be filed among the papers three days before the commencement of trial.   R. C., 2257; Winters *v.* Laird, 27 Tex., 618.

In our opinion there is one ground on which the judgment of the court may have been founded and must be supported. The evidence was, we think, sufficient to support a finding that Wm. G. and S. A. McDaniel were husband and wife at the time the title to the land was made in her name, and as there was nothing to show the contrary, the evidence was sufficient to support the further finding that the land was community property and subject to the execution against W. G. McDaniel. Zorn *v.* Tarver, 45 Tex., 520; Cooke *v.* Bremond, 27 Tex., 457; Veramendi *v.* Hutchins, 48 Tex., 550, and cases there cited.

As our opinion is that the judgment should be affirmed on this ground, it becomes unnecessary to inquire whether it might be supported on the ground of a judgment lien.

AFFIRMED.

[Opinion delivered April 27, 1880.]