EMBERRY CANNON v. W. S. AND W. B. CANNON.

(Case No. 2095.)

1. PRACTICE—ASSIGNMENTS OF ERROR.—An assignment of error complaining of the action of the court in overruling certain exceptions raising two separate and distinct objections to the petition, but not specifying the error complained of, is in violation of the rules, and will not be considered. An assignment of error cannot be aided by the proposition thereunder

2. EVIDENCE—REVISED STATUTES, ARTICLES 2257, 2252—Art. 2257, Revised Statutes, does not apply to judgments of another court, but to instruments the originals of which are permitted or required to be recorded in the county clerk's office under the registration law. Judgments of another court, in relation to their use as evidence, are governed by Art. 2252, Revised Statutes.

3. PRACTICE.—An objection, not taken in the lower court, to a paper offered in evidence, cannot be taken for the first time on appeal.

4. EVIDENCE—OFFICIAL SIGNATURE—PRESUMPTION.—Proof of the official signature of a constable's deed is *prima facie* evidence of his official authority, and in the absence of proof to the contrary will entitle the deed to be introduced in evidence (Citing Deen v. Wills, 21 Tex., 642.)

5. JUDICIAL KNOWLEDGE—COUNTY OFFICERS —The judicial knowledge of the district court extends to all county officers, and is held to embrace sheriffs and marshals; the rule is the same as to the authority and signature of a constable (Greenl on Ev., sec 6, and authorities cited )

6. CHARGE —See facts for a special charge properly refused because not presenting the law applicable to the facts proved.

7. PRACTICE.—An assignment of error complaining of the refusal of the court to give a certain charge, is in violation of the rules when the charge referred to really embraces several instructions.

8. CHARGING THE JURY —It is improper to charge the jury as to the law applicable to an issue not before the court.

9. SAME.—Instructions to the jury excluding from their consideration material issues in the case, are erroneous

APPEAL from Rockwall. Tried below before the Hon. Anson Rainey.

This was an action of trespass to try title. The answer of defendant, Emberry Cannon, contained general demurrer and general denial, and set up specially that the land sued for was purchased by him from one G. B. Davis, who at the time made the deed to appellees for the use and benefit of appellant; that appellant was placed in possession of the premises by Davis, and had held the same continuously, and was still in possession thereof, and paid all taxes thereon, and held the deed from Davis to appellees in his possession, and that with full notice and knowledge of his rights had accepted the trust and held the premises for his use and benefit up to and until the institution of this suit. The defendant prayed for cancellation of the pretended title of plaintiffs', removal of the cloud from his title, and for general relief. Plaintiffs filed a supplemental answer denying generally the allegations in defendants' original answer, and pleading specially that the conveyance was taken in the name of plaintiffs' for the purpose of hindering and defrauding the creditors of defendant, and was intended as a gift to plaintiffs. They also plead statute of ten years limitation. Defendant filed supplemental answer demurring both generally and specially to the supplemental petition of plaintiffs and a general denial of its allegations. On May 3, 1886, the court overruled defendant's demurrer to plaintiff's supplemental petition, and on May 4, 1886, the cause was submitted to a jury and resulted in a verdict and judgment for plaintiffs.

The first special charge asked by defendant, but refused, was as follows: "If the jury believe from the evidence, that on November 4, 1875, the defendant herein purchased from G. B. Davis the land in controversy, and paid to said Davis the purchase money therefor, and procured from said Davis a deed to W B. and W. S. Cannon, the plaintiffs, and that said plaintiffs did not pay to Davis nor have ever paid to defendant said purchase money, then the effect of such conveyance so made would be to vest the equitable title to the land in defendant, and in that case defendant would be entitled to recover the premises in controversy, and you will so find, unless you believe, under the evidence and instructions hereafter given, that defendant was estopped from setting up such claim, or has subsequently parted with his title."

The fourth special charge requested by defendant, but refused, was: "If the jury believe from the evidence under the charges above given that on September 19, 1883, and in November, 1883, the defendant was the owner of the land in controversy, and that at those times respectively an execution in favor of Wm. Charlton against Emberry

Cannon was levied upon the land, and the same sold as required by law as hereinafter given therein, and at said sale Wm. Charlton bid the same in and paid therefor a fair and reasonable consideration, and received a deed thereto from the officer making said sale, and afterwards sold and conveyed the same to these plaintiffs for a valuable consideration, in good faith; then and in that event they will find for the plaintiffs; but if they believe from the evidence that the price paid by said Wm. Charlton was grossly inadequate and not equal to the reasonable value of said premises, or that said premises were at the time of said levy and sale a part of the homestead of defendant, or that before the sale by said Charlton to plaintiffs, the defendant had paid off and satisfied the judgment of said Wm. Charlton under which said levy was made, and that plaintiffs had notice of such payment, or by the use of reasonable diligence might have known it, then and in that event, no title would pass by said execution sale and the defendant will be entitled to recover, and you will so find by your verdict.''

The twelfth assignment of error was: ''The court erred in the first section of the charge to the jury in this, that the jury were instructed in said charge in effect that the payment of the purchase money by defendant, and having a deed made in plaintiffs names was sufficient to constitute a valid gift on which to predicate a suit without any further proof evincing an intention to give the property to plaintiffs as a voluntary gift or advancement.''

*Allen & Vesey* and *T. L. Stanfield*, for appellant, cited : R. S., 2357 , Austin v. Talk, 20 Tex., 166; Hendrix v. Nunn, 46 Tex., 142; Irion v. Mills, 41 Tex., 310; 1 Greenl. on Ev , secs. 484, 485; 1 Starkie on Ev , 195; Neil v. Keese, 5 Tex., 23; 2 Greenl., 267; 2 Story's Eq., 1201; Cole v. Noble, 63 Tex., 432; Hempstead v. Hempstead, 2 Wend., 109; 3 Waits' Acts. and Def., 33, 115; Brown on Stat. of Frauds, 93; Hills v. Ellot, 12 Mass., 26; Baldwin v. Campfield, 4 Halst., 891; Hoeser v. Kraeka, 29 Tex., 453, Thouvenin v. Rodrigues, 24 Tex., 468; Rodriguez v. Lee, 26 Tex., 32; Chevallier v. Wilson, 1 Tex., 161; Lohff v. Germer, 37 Tex., 578; Baker v Clepper, 26 Tex., 629; O'Brien v. Hillburn, 22 Tex., 616; Allen v. Stephanes, 18 Tex., 658; Haskins v. Wallet, 63 Tex., 213; 3 Pome. Eq., 1149, note 3; Spence v. Onstott, 3 Tex., 147; Bailey v. Mills, 27 Tex., 434; 3 Tex., 142; 2 Tex., 284; Bagly v. Birmingham, 23 Tex., 453.

*Word & Charlton*, for appellees, cited: Rules Supreme Court, 25, 30, 31; Rules District Court, 23, 24, 25, 26; 61 Tex., 122; 52 Tex.,

276; 54 Tex , 52, R. S., 2252, Gen. Laws of 1879, p. 34, 53 Tex., 220; 20 Tex., 393, 16 Tex., 583

WILLIE, CHIEF JUSTICE.—The first assignment of error is as follows "The court erred in not sustaining defendant's special exceptions to plaintiffs' supplemental petition filed November 6, 1885."

The special exceptions were three in number, and set up two separate, distinct and independent objections to the petition. Which one of these objections the court should have sustained is not pointed out by the assignment. The proposition seems to refer to either the first or second exception, we cannot tell which Besides the assignment, if improper, cannot be aided by the proposition. It must stand or fall, accordingly as it complies with the rules, which this does not, and will not therefore be noticed

The admission in evidence of the certified copy of the judgment of the county court of Rockwall county was proper. Art. 2257, Revised Statutes, does not apply to such a judgment, but to instruments, the originals of which are permitted or required to be recorded in the county clerk's office under the registration acts. Judgments of another court are governed by Art. 2252 of the Revised Statutes, and the certified copy in evidence fulfilled the requirements of that article. The objections taken below to the reading in evidence of the *renditioni exponas* were different from those urged in this court. It was not objected below that the paper did not come from the custody of the proper officer, if so, the plaintiffs might have supplied proof of that fact. An objection not taken below to a paper offered in evidence cannot be taken for the first time in this court. Sharp *v.* Schmidt, 62 Tex., 263; Railway Company *v.* Gage, 63 Tex., 568.

It was not error to admit in evidence the constable's deed to the land. Ketchum, who purported to act as constable in making the deed, and who signed it as such, testified to the genuineness of the signature. The fact that he signed the deed as constable was *prima facie* evidence of his authority, and there was no proof introduced to the contrary. This was held by this court in the case of Deen *v.* Wills, 21 Tex., 642, in reference to a receipt purporting to be signed by a person as tax collector, when there was no proof that he held the office at the time it was signed. The rule holds good in a case like the present. Besides, the court judicially knew that Ketchum was constable at the time the deed was signed. Judicial knowledge extends to all county officers, and has often been held to embrace sheriffs and marshals. A constable has the power of a sheriff in executing the process of the district court and carrying out its orders, and his authority and signa-

ture must be known to them. 1 Greenl. on Ev., sec. 6, and authorities cited.

The court did not err in refusing to give the first special charge asked by the defendant. This charge ignores the fact that the grantees in the deed were, at the date of its execution, the minor children of the appellant living with him, in which case, the presumption of law would be that in taking the deed in their name, their father intended the land as a gift or advancement to them. Higgins v. Johnson, 20 Tex., 393, 394; Sanfley v. Jackson, 16 Tex., 579.

This charge also overlooks the point made by the appellees that the deed was made by their father to them for the purpose of defrauding his creditors. It, in fact, gives the land to the appellant if the appellees did not pay the purchase money, no matter what may have been developed by the evidence as to the intention of their father in reference to the title. This would have been in direct contradiction of the court's general charge upon these questions, which was a correct exposition of the law bearing on them. The seventh assignment is as follows : "The court erred in refusing to give the jury the special charge No. 2, asked by defendant."

If the charge alluded to embraced only one instruction, this assignment would sufficiently comply with the rules. But under the designation of a single charge it includes four distinct instructions, each making a separate proposition, and some of them have no relation whatever to each other. The assignment of error is actually taken to the refusal of the court to give several charges, and is, therefore, in violation of the rules, as has been frequently held by this court. Byrnes v. Morris, 53 Tex., 22; Railway Company v. Gilbert, 64 Tex., 536.

The third special charge asked by the appellant was not the law of the case. There was no question of specific performance of a voluntary gift before the court. The gift to the appellee, if made at all, was fully consummated by the execution of the deed, and was not executory. There was no mere promise to give, but an absolute gift evidenced by writing, and taking effect *in presenti*; and as the grantees were, at the time, children of tender years, living with their father upon the land, it was accompanied by all the possession which they were capable of receiving under the circumstances. This is the theory of the appellees' case so far as the gift to them of the land is concerned. The appellant's theory is that there was no gift whatever, either executed or executory, but that the appellant's promise was that the appellees should have the land when they paid the purchase money given to Davis for it. Any charge, therefore, that set forth what circumstances would authorize the appellees to compel a specific per-

formance of a gift was not authorized by the evidence, and would have misled the jury.

It is enough, to dispose of the fourth charge, to say that it required a verdict for the appellant, if the constable's sale was void, or if the judgment under which the land was sold had been paid off; whereas there were other important issues which, if found for the appellees, entitled them to a recovery. The court properly refused to withdraw from the jury the issues as to the gift of the land, and the intent of appellant to defraud his creditors in having the deed made to his sons, and to place the case before them solely on the legality and binding force of the constable's sale. The twelfth assignment is not well taken as is apparent from what we have said, and the authorities we have referred to under the sixth assignment of error.

What we have said as to withdrawing one of the issues from the jury, is applicable also to the thirteenth assignment of error. Had the charge not been qualified as it was by the court, no issue as to the constable's sale would have been submitted to the jury.

We find no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered November 12, 1886.]