T. O. Evans v. The Texas Printing and Lithographing Company.

No. 505.

1. **Assignment of Error.**—An assignment of error, that " the court erred in sustaining exceptions to the two special answers of defendant," is too general where there are two special exceptions as well as two special answers.

2. **Evidence in Suit on Subscription to Capital Stock.**—Where a father signed the name of his son as a subscriber to the capital stock of a corporation, and in an action against the son to recover the amount of the subscription there was evidence sufficient to show a ratification of the father's act by the son, evidence to show that the other subscribers knew that the stock was subscribed by the father as an intended gift to the son was properly excluded.

3. **Same.**—In such action it was not error to admit in evidence the subcription list, and proof that the son's name was signed by the father, in connection with facts showing the son's ratification thereof.

4. **Charge of Court — Harmless Error.** — The refusal of a charge abstractly correct, which, if it had been given, could not under any aspect of the case have correctly affected the verdict in favor of the party asking it, affords no ground for reversal.

APPEAL from Tarrant.  Tried below before Hon. R. E. BECKHAM.

*M. D. Priest*, for appellant.—1. If the subscribers to the capital stock ·of a corporation know that part of the stock is subscribed as a gift, and acquiesce in the same, they can not hold the donee liable for the payment of the subscription. It would perhaps be otherwise if it were done clan- ·destinely so as to operate as a fraud.

2. The court erred in refusing to give to the jury special charge, asked by defendant, viz.: "Before the plaintiff can recover in this case, it is necessary for him to prove that he knew that plaintiff was claiming a personal liability against him, and that with such knowledge he ratified the same." Combs v. Scott, 6 Am. Law Reg., 563; Bank v. Bank, 4 Law and Eq., 695; 47 N. Y., 195.

*Hunter, Stewart & Dunklin* and *Drew Pruitt*, for appellee. — 1. The ·manner in which appellant was to raise the money to pay his subscription ·did not concern appellee or the other subscribers to the contract sued on; ·hence the court did not err in excluding the evidence complained of in ·defendant's second assignment of error.

2. Though a contract be forged and therefore void, yet if the injured party acknowledges its genuineness under circumstances which require him ·to speak truly, he will thereupon be estopped to contest its validity. And where a director is required to be a stockholder, the act of serving as a director is an implied subscription for stock. Cook on Stockh., 2 ed., ·secs. 50, 52, 160; Bish. on Con., sec. 847.

TARLTON, CHIEF JUSTICE.—This appeal is from a judgment for the ·sum of $5000 and interest, recovered by the appellee, a corporation, from the appellant. The amount thus recovered is alleged to be due upon a ·certain subscription contract, below set out. It is alleged in the plaint- ·iff's petition that the defendant, T. O. Evans, "acting by his father and ·agent, Sam Evans," executed the contract.

The defendant filed a plea of non est factum. In reply to this plea, the plaintiff averred in a supplemental petition, that if the defendant did not ·sign his name to the contract, nor authorize any one to sign it for him, he afterwards, with full knowledge that it had been signed, ratified and ·adopted the act of his father in signing it; that as a subscriber to the ·capital stock of the company, he met with the other subscribers in the ·organization of the Texas Printing and Lithographing Company; that ·he was, with his knowledge and consent, elected a member of the board ·of directors of the company, and with·his knowledge and consent was ·elected by the board treasurer of the corporation; that he attended meet- ·ings of the board, and in many ways and by divers acts approved the signing of his name by his father.

We find the following facts:

The instrument declared upon is as follows:

"April 16, 1888.

" We whose names are hereunto subscribed, agree among ourselves to form a private corporation under the laws of the State of Texas, to be named the ' Texas Printing and Lithographing Company,' to be chartered with an authorized capital stock of $100,000, and whenever as much of said stock has been subscribed as $20,000, we, each for himself, agrees to pay to said company, whose charter shall then be filed, the amount set opposite his name, in such installments as the board of directors shall require.

" The purposes of said corporation shall be the transaction of a printing and publishing business, and in connection therewith the sale of goods, wares, and merchandise of a stationery and blank book manufacturing business; and said business shall be located at the lower end of Main Street, Fort Worth."

Appended to this instrument, under the word " names," are nineteen signatures. These include the signature " T. O. Evans," opposite to which are the figures " $5000.00." The total sum purporting to be subscribed is $27,300. The name " T. O. Evans," with the amount opposite thereto, was signed by Sam Evans, the father of the defendant, the latter saying at the time that he " would sign Tom's name, and that he would pay it for him or aid him in paying it, or words to that effect." The defendant's name was thus signed without his authority; but afterwards, with knowledge that it had been so signed, he approved and ratified it. Thus the charter of the corporation, dated April 30, 1888, the board of directors named therein, including the name of defendant, having been forwarded to the Secretary of State, a telegram was received from this officer on May 2, 1888, to the effect that it had been duly filed in his office. Accordingly on that day a meeting of the subscribers to the capital stock of the corporation was had at the office of Evans, Zinn & Evans (of which firm defendant was a member), for the purpose of organization. The defendant was present at this meeting and participated in its deliberations. The subscription list was examined, and it was found that $23,000 had been subscribed to the capital stock of the company. The defendant was, without objection, elected a member of the board of directors. On the same day, after adjournment of the meeting of stockholders, a meeting was had of the directors, the defendant present and participating. He was here elected, without objection, treasurer of the company. At subsequent meetings (of the stockholders on May 4, 1888, and of the directors on May 4 and June 19, 1888,) he was present and participating.

The defendant in no way indicated an unwillingness to pay the subscription until about October 10, 1888, when he declined to execute the required bond of $10,000 as treasurer, and declined to pay the subscrip-

tion, on the ground, not that he repudiated the signature, but, as he states, because he " did not like the way the business of the concern was being carried on or conducted."

*Opinion.*—1. We decline to consider appellant's first assignment of error, that " the court erred in sustaining exceptions to the two special answers of defendant." There were two special exceptions and two special answers. The assignment is too general to require consideration. Cannon v. Cannon, 66 Texas, 682.

2. The court did not err in sustaining objections to evidence offered by the defendant, whereby he sought to prove that the other subscribers to the capital stock of the plaintiff knew that the stock was subscribed as a gift by his father, Sam Evans, to the defendant. Such an exercise of generosity on the part of the father to the son was a matter of exclusive concern to the two, and could not affect the liability of the son on the subscription contract, if he was a party to the contract.

3. The court did not err in admitting the subscription list in evidence. In connection with the fact showing ratification, it was clearly pertinent, under the plaintiff's allegations that the defendant approved and adopted the acts of his father in signing his name to the contract.

4. The court correctly admitted the testimony of the witnesses John D. Templeton and others, to the effect that the signature of the defendant to the subscription list was in the handwriting of the father, Sam Evans. This evidence conformed to the allegation of the plaintiff, that the defendant, "acting by his father and agent, Sam Evans, entered into and executed " the subscription contract.

5. We overrule the seventh assignment of error, in which it is urged that the court should have granted the following special charge: " Before the plaintiff can recover in this case it is necessary for him (it?) to prove that he (defendant) knew that plaintiff was claiming a personal liability against him, and with such knowledge he ratified the same."

If the substance of this instruction was not already included in the court's general charge (which we find it unnecessary to decide), its rejection, under the undisputed evidence, could not have injured the defendant. The record excludes all reasonable doubt that the defendant knew that plaintiff was claiming a personal liability against him, and that with such knowledge he ratified the act out of which the liability grew. The refusal of a charge, abstractly correct, which, if it had been given, could not under any aspect of the case have correctly affected the verdict for the party asking it, affords no ground for reversal.

Similar reasoning requires us to overrule appellant's tenth assignment, in which he complains of the court's charge with reference to ratification and notice on the part of the defendant.

6. Our conclusions of fact indicate that we are unable to agree with appellant in his ninth assignment, " that there was no testimony upon which to predicate" a charge of ratification.

The judgment is in all things affirmed.

*Affirmed.*

Delivered October 12, 1893.