TEXAS & NEW ORLEANS RAILWAY COMPANY v. C. A. GARRETT.

Decided March 10, 1906.

**Judgment—Execution—Article 1643, Revised Statutes, Construed.**

The requirement in article 1643, of the Revised Statutes, that the judgment in a Justice Court "shall direct the issuance of such process as may be necessary to carry the judgment into execution" is not mandatory.

Appeal from the District Court of Jefferson County. Tried below before Hon. G. P. Dougherty, Special Judge.

*Baker, Botts, Parker & Garwood* and *Chester, Crawford & Chester,* for appellant.—A judgment of the Justice Court, under the Revised Statutes of 1895, which fails to provide for the issuance of an execution or other process to carry it into effect, is void. Acts 15th Leg., chap. 103, secs. 5 and 19; 8 Gammel's Laws of Texas, 990; Rev. Stats. of 1879, art. 1613; Rev. Stats. of 1895, art. 1643; Roberts v. Connellee, 71 Texas, 11.

*Fleming & Fleming,* for appellee.—A judgment of the Justice Court, under the Revised Statutes of 1895, which is regular in all respects, disposing of the issues, the parties, the costs, and for a fixed amount of money, clear and intelligible, is valid, and execution may issue thereon without express authority therefor being written on the docket of said

court.    Acts of 15th Leg., chap. 103, secs. 5, 19, 40; Rev. Stats. of 1879, art. 1613; Rev. Stats. of 1895, arts. 1643, 1579, 1661; Roberts v. Connellee, 71 Texas, 11; San Antonio & A. P. Ry. Co. v. Thigpen, 57 S. W. Rep., 66; Burns v. Skelton, 68 S. W. Rep., 527; Howard v. Faggard, 32 S. W. Rep., 188; Murry v. State, 1 S. W. Rep., 522; 25 Am. and Eng. Ency. of Law, 634 (2d ed.); Anderson's Dictionary of Law, 653; 2 Bouvier's Law Dictionary, 1032; Freeman on Executions, 24; Sutherland on Statutory Construction, secs. 447 and 451; Black on Judgments, sec. 106; Cooley's Const. Lim., 89 and 93 (2d ed.).

PLEASANTS, Associate Justice.—This suit was brought by appellant to enjoin the execution of the following judgment:

"Garrett Commission Co. v. Texas & New Orleans R. R. Co., No. 2297. In the Justice Court of precinct No. 1, Jefferson County, Texas. On this, the 15th day of November, came the above cause regularly for trial, and both parties having announced ready for trial, and having waived a jury, the court heard the evidence and arguments of counsel, and it is of the opinion that the law and facts are for the plaintiff, so it is here ordered that the plaintiff, Garrett Commission Co., do have and recover of and from the defendant, Texas & New Orleans Railroad Company, the sum of $19.99 and costs of suit.    B. K. Pope, Justice of the Peace, precinct No. 1, Jefferson County, Texas."

The theory upon which the suit was brought, and the proposition presented and urged in appellant's brief, is that this judgment is unenforceable and void because it does not in terms provide for the issuance of execution or other process for its enforcement.

This contention is based upon article 1643 of our Revised Statutes relating to judgments rendered in a Justice Court.   This article is as follows:

"The judgment shall be recorded at length in the Justice's docket and shall be signed by such justice.   It shall clearly state the determination of the rights of the parties in the subject matter of controversy and the party who shall pay the costs, and shall direct the issuance of such process as may be necessary to carry the judgment into execution."

It is urged by appellant that this provision of the statute is mandatory, and the failure of the justice to comply therewith rendered the judgment void.

We can not accept this proposition as sound.   Prior to the adoption of the Revised Statutes of 1879 there was no statute providing that the judgment of a Justice Court should direct the issuance of the process necessary to its enforcement, and any memorandum made by the justice which sufficiently indicated what his judgment upon the issues in the case was, had been uniformly held by our courts to be a valid judgment. (Clay v. Clay, 7 Texas, 251; Wahrenberger v. Horan, 18 Texas, 59; Howerton v. Luckie, 18 Texas, 236; Roberts v. Connellee, 71 Texas, 11.)

In the enactment of the statute above quoted the manifest purpose of the Legislature was to require justices of the peace to be more accurate in keeping their dockets and in the entry of judgments thereon, but we do not think it was the legislative intent that a failure to comply with these requirements should render the judgment void, and this effect should not be given to the use of the word "shall" in the statute.

The case of San Antonio & A. P. Ry. Co. v. Thigpen, 57 S. W. Rep., 66, holds that the failure to comply with the provisions of the statute above quoted does not render a Justice Court judgment void.

We think that under well established rules of statutory construction the provision of the statute requiring the judgment to direct the issuance of process should be held to be merely directory, and therefore the trial court properly sustained a general demurrer to plaintiff's petition, and plaintiff having declined to amend, the judgment dismissing the suit should be affirmed.

*Affirmed.*