## CAPITOL BUILDING & LOAN ASS'N OF TEXAS v. SOSA et ux.

### No. 9317.

Court of Civil Appeals of Texas. San Antonio.

April 25, 1934.

Rehearing Denied June 27, 1934.

and was in the nature of a trespass to try title suit against appellees, E. E. Sosa and wife, Eluteria F. de Sosa, for title and possession of lots 10 and 11 in block 38, located in the city of McAllen, Hidalgo county, Tex.

Before trial, appellant, the Capitol Building & Loan Association, intervened as the assignee of the original plaintiff, and the Colonial Building & Loan Association had no further interest in the case.

Appellant's claim to these lots was based upon a mechanics' and materialmen's lien contract, a trustee's deed, a warranty deed, and a deed. The lien contract, the warranty deed, and the deed were alleged to have been signed and acknowledged by both of the appellees. E. E. Sosa pleaded that he was fraudulently induced to sign the lien contract, and his wife, Mrs. Sosa, pleaded that she did not sign or acknowledge these instruments, but that her name had been forged to them.

Appellant also had an alternative plea for recovery on a note, a foreclosure of a lien, and recovery of sums paid in good faith as taxes due against the lots.

The case was submitted to a jury on special issues, and upon their answers to the issues submitted judgment was rendered setting aside all of these instruments and awarding to appellees the title and possession of the two lots. The Capitol Building & Loan Association presents this appeal.

The trial judge in submitting the validity of these various instruments to the jury in one issue would ask the jury whether or not Mrs. Sosa authorized any one to sign her name to the particular instrument, and following this issue he would instruct the jury that if they answered this issue in the affirmative to answer the next issue. In the next issue he would ask if Mrs. Sosa acknowledged the execution of the instrument.

The jury in each instance answered the first question in the negative, and naturally did not answer the second question.

Appellant made no objections, nor did it take any exceptions to the court's main charge. Appellees, however, did request, among other things, that the court unqualifiedly ask the jury about the acknowledgment of Mrs. Sosa.

Appellant's main complaint presented in this appeal is that the court could not properly render judgment in favor of defendants in the absence of a jury finding that Mrs. Sosa did not acknowledge the execution of

McDaniel, Fulton & Thrasher, of McAllen, for appellant.

Jno. M. Rowland, of McAllen, for appellees.

MURRAY, Justice.

This suit was originally instituted by Colonial Building & Loan Association of Texas,

these instruments. Unquestionably appellant would be correct in this contention if it had properly excepted and objected to the court's main charge or requested the proper issues.

■ It is settled law that the acknowledgment of a married woman and not the signature passes title to real estate. Willis v. Lewis, 28 Tex. 185; Waltee v. Weaver, 57 Tex. 569; Ward v. Weaver (Tex. Com. App.) 34 S.W.(2d) 1093; Ellington v. Bryant (Tex. Civ. App.) 293 S. W. 327.

■ However, appellant acquiesced, consented, and agreed to its case being submitted in the manner and form in which it was submitted by its failure to complain in any way of the main charge before the same was read to the jury. Article 2185, R. S. 1925.

■ We do not regard this judgment as one which must be supported by implied findings of the trial court. In a trespass to try title suit the failure of the plaintiff to secure fact findings based upon the preponderance of the evidence to show title to the land in controversy is sufficient to support a judgment for the defendant. In such a suit the plaintiff alleges the land to be in possession of the defendant, and if the plaintiff does not establish his title by a preponderance of the evidence the defendant is entitled to a judgment decreeing the right of title and possession of the land to be in him. Especially is this true where the common source of title is the defendant below. It was agreed in this case that the common source of title was the appellees and appellant undertook to show a record title to it from this source. If appellant failed in this, clearly appellees were entitled to the lots.

■ Appellant introduced in evidence several conveyances alleged to have been signed and acknowledged by Mrs. Sosa. These lots were the homestead of appellees, and unless Mrs. Sosa did acknowledge these conveyances there could be no sale of the homestead. There was evidence by Mrs. Sosa and others that she did not even appear before the notary who purported to take her acknowledgment. Appellant, relying upon these instruments to show title in it, had the burden of proving by a preponderance of the evidence that at least Mrs. Sosa appeared before the notary who purported to take her acknowledgment, and in the absence of a jury finding in its favor in this case appellant is not in a position to complain of the judgment rendered herein. The jury found, in effect, that these instruments were forgeries, and appellant, not having excepted to the main charge

nor requested an issue as to whether or not Mrs. Sosa acknowledged these instruments, waived the same and cannot now be heard to complain. Jester v. Steiner, 86 Tex. 415, 25 S. W. 411; Citizens' Nat'l Bank, etc., v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331; Speer on Special Issues, p. 409, § 293; p. 412, § 298; p. 413, § 299.

■ Appellant cites a number of cases in which it is held that the burden is upon the person alleging the falsity of the acknowledgment to prove such fact, but these are cases in which a suit was brought to cancel and set aside a written conveyance, and these cases can be easily distinguished from the present case on the general doctrine that he who makes the allegation must make the proof. In this case the plaintiff was making the allegation that the conveyances were genuine, and the burden was upon it to establish this fact by a preponderance of the evidence. In the other class of cases the plaintiff was making the allegation that the conveyances were illegal and void, and in such cases the burden of establishing this fact is upon the plaintiff. Ward v. Weaver, supra; Ellington v. Bryant, supra; Robertson v. Vernon (Tex. Com. App.) 12 S.W.(2d) 991.

There is a line of cases which holds in some instances that the notary's certificate is conclusive upon a married woman who had admittedly appeared before a notary for the purpose of having her acknowledgment taken, unless fraud or imposition is shown. Sanger v. Calloway (Tex. Com. App.) 61 S.W.(2d) 988; Smith v. Dozier Const. Co. (Tex. Civ. App.) 66 S.W.(2d) 744. But these cases can be of no aid to appellant in this case, where the jury found the instruments to be forgeries and appellant by its conduct waived having submitted to the jury whether or not Mrs. Sosa appeared before the notary for the purpose of having her acknowledgment taken, as the evidence was sharply contradictory on this issue.

■ Appellant has in this cause an alternative plea that in the event its title be defeated it be given judgment for the amount of taxes it has paid on the lots in controversy. The record discloses that appellant has paid out in good faith the sum of $492.10 as taxes due against these lots, and is clearly entitled to judgment for this sum, together with interest at the rate of 6 per cent. from the date of the judgment in the trial court, and to a lien on these lots and a foreclosure of said lien in the event appellees fail to pay this amount. Fertitta v. Toler (Tex. Civ.

App.) 43 S.W.(2d) 467; Meador Bros. v. Hines (Tex. Civ. App.) 165 S. W. 915; Hensel v. Kegans, 8 Tex. Civ. App. 583, 28 S. W. 705; Hill v. Moore, 85 Tex. 335, 19 S. W. 162.

Appellant's other assignments of error have been considered and are overruled.

The judgment of the trial court will be reformed so as to include judgment in favor of appellant against appellees in the sum of $492.10, together with interest at the rate of 6 per cent. per annum from April 12, 1933, until paid, the establishment of a lien on said lots 10 and 11, block 38, and a foreclosure of this lien; and the judgment as thus reformed will be affirmed.