## McDERMOTT v. STECK CO.
### No. 8905.

Court of Civil Appeals of Texas. Austin.

Jan. 24, 1940.

Rehearing Denied April 3, 1940.

Wallace & Wallace, of Cameron, for appellant.

W. A. Morrison, of Cameron, for appellee.

### McCLENDON, Chief Justice.

This is a suit to recover title to and possession of 50 acres of land in Milam County, brought by appellee, Steck (The Steck Company, a corporation), against appellant, S. H. McDermott. In a trial to the court without a jury, Steck recovered as prayed. McDermott has appealed.

The facts are without dispute. Mrs. Witliff is common source of title. April 26, 1937, Steck recovered a personal judgment against her for $94.51, in a justice court in Travis County. An abstract of this judgment was filed, recorded, and (as noted below) indexed in the judgment records of Milam County, July 24, 1937. Mrs. Witliff conveyed the land to McDermott by general warranty deed dated July 26, 1937, acknowledged July 29, 1937, and recorded in Milam County August 2, 1937. At that time there were state, county, and school and road district taxes due on the land for the years 1926–1937, inclusive. These were paid by a bank at the request of McDermott September 27, 1937, and, also at his (verbal) request, the tax collector at the time of the payment transferred to the bank the lien securing the taxes. McDermott later paid the bank and the tax lien was by it transferred to him. McDermott in reconvention (in the alternative, in case Steck recovered the land) sought foreclosure of his asserted lien for the taxes he had thus paid. May 3, 1938 Steck purchased the land at sheriff's sale under alias execution issued upon its judgment March 4, 1938, and levied upon the land March 12, 1938; and sheriff's deed, executed the same day, conveyed the land to Steck.

The first point raised by appellant is to the effect that appellee acquired no valid abstract of judgment lien because the abstract was not indexed under the letter "T", the corporate name of appellee being, "The Steck Company." The abstract was otherwise properly indexed under the letters "S" and "W". We overrule this point upon the authority of Burnett v. Cockshatt, 2 Tex.Civ.App. 304, 21 S.W. 950, and B. F. Avery & Sons v. Tex. Loan Agency, Tex.Civ.App., 62 S.W. 793, 794. The opinion in the former was by Judge Williams, then on the Galveston court, later on our Supreme Court. The plaintiff's corporate name there was "The J. L. Mott Iron Works," the indexing as to the corporation was only under the letter "M" as follows: "Mott, J. L., Iron Works." This was held proper and sufficient. We read from Judge Williams's opinion (which, so far as we have discovered, has never been overruled): "The article 'the' is so habitually used in naming corporations that it may be held that, for purposes like this, it is not to be treated as forming any part of the name. It in no way helps to distinguish one body from another, for it is used in connection with nearly all corporations, in the legislation of the day. The name 'Mott' ['Steck' here] is that which does identify this corporation, and seems more completely to do so than any other word in the name."

The same conclusion was reached in the latter citation (opinion by Judge Templeton of the Dallas Court), where the corporate name was "B. F. Avery & Sons," and the indexing was under the letter "A" and not "B". Judge Templeton adverts to the fact that: "This rule appears to be universally followed by court reporters in indexing reported cases to which such corporations are parties." And further: "Any other rule would be confusing and misleading, and defeat the purpose of the statute."

The second point urged is that the trial court should have sustained general and special demurrers to Steck's petition upon the asserted ground that Steck chose to plead specially its title and did not affirmatively allege that its abstract of judgment was properly indexed. The first and second paragraphs in the petition are in the usual form of trespass to try title and are manifestly sufficient for all purposes and against every demurrer. The third paragraph reads: "Plaintiff would further show that Defendant S. H. McDermott is claiming said property under

and by virtue of a deed from Mrs. Winifred Witliff; that at the times of the execution and delivery filing and recordation of said deed, plaintiff had a valid and subsisting judgment lien against the said Mrs. Winifred Witliff, under whom said defendant S. H. McDermott claims; that such claim of said defendant McDermott was acquired subsequent to and is subordinate to the rights of the Plaintiff."

If this pleading be properly construed as a special one of title, it was clearly sufficient against a general demurrer. Overruling the special demurrers, if error, was harmless, since no prejudice was shown. Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822.

The third point urged is that certified copy of the justice court judgment was improperly admitted in evidence, because (1) it was shown not to have been recorded on the justice's docket as required by Art. 2431, R.C.A.; and (2) "it was never filed in the trial court as required by Art. 7382."

The copy of the judgment which was signed by the justice and certified to by him read: "On this the 26th day of April, A. D. 1937, this cause being regularly reached on the docket, and called for trial and the defendant, though being duly cited as the law directs, came not but who wholly made default, and this cause being now submitted to the Court for trial without a jury, the Court, after hearing the evidence and being advised in the premises, finds for the plaintiff, The Steck Company, a corporation, that there is due it on the sworn account sued on, the sum of Ninety-four and 51/100 ($94.51) Dollars, which is past due and unpaid. It is therefore ordered, adjudged and decreed by the Court that the plaintiff, The Steck Company, a Corporation, do have and recover from the defendant Winifred Witliff, a widow, the sum of Ninety-four & 51/100 ($94.51) Dollars; and that the same bear interest from this date until fully paid at the rate of 6% per annum, together with his cost and charges in this behalf expended, for all of which let execution issue."

McDermott, in connection with this objection, introduced a certified transcript of the justice's docket covering the case which contained the following over the justice's signature:

"Judgment for Plaintiff 4–26–37

"Judgment for the Plaintiff on the 26th day of April, A. D. 1937, for the sum of $94.51 plus interest from this date at the rate of 6 per cent per annum all costs of suit in this behalf expended, for all of which let execution may issue. Judg. on file with papers in this cause."

The docket gave the names of plaintiff and defendant, and described the action as "Suit upon sw. acct. for $94.51."

■ San Antonio & A. R. Ry. Co. v. Thigpen, Tex.Civ.App., 57 S.W. 66 (Judge Fly writing for the San Antonio Court) and Texas & N. O. Ry. Co. v. Garrett, 42 Tex.Civ.App. 258, 92 S.W. 1040 (Judge Pleasants writing for the Galveston Court) held Art. 2431 directory, and that failure of the justice to comply did not affect the validity of the judgment. Moreover, in the former, where the judgment entry on the docket read, "Judgment for plaintiff for $110.00. Interest from this date at rate of 6% int. per annum," it was held: "Had there been no other entry made than the one made on July 8th [that quoted], it would be sustained as a valid judgment."

■■ Art. 3726 which requires filing in the cause of certified copies of instruments to be used in evidence has no application to certified copies of judgments from other counties. McDaniel v. Weiss, 53 Tex. 257; Cannon v. Cannon, 66 Tex. 682, 3 S.W. 36. The introduction of certified copies of judgments and other court records is governed by Art. 3720. The point is overruled.

■ The fourth point (which we overrule) asserts error in admitting in evidence the execution and return thereon because it was shown that the transcript of the judgment and execution issued thereon had not been recorded in Milam County as required by Art. 6637, R.C.S. Failure to comply with this article does not render inadmissible other proof of the judgment and proceedings thereunder. 26 Tex.Jur., pp. 851, 852, § 60.

■ The fifth point urges that there was no competent evidence of the judgment because the certified copy introduced by Steck was shown not to have been recorded on the justice's docket, and the transcript of the docket was introduced only by McDermott, and for the limited purpose only of showing the non-recording of copy introduced by Steck. We overrule this point for the reasons stated under point 3 above.

Moreover, the certified copy showed on its face a judgment regular in every respect.

The impeaching evidence (the transcript of the docket) showed on its face that a judgment was rendered substantially as that certified, and one sufficient to support the execution.

■ We sustain appellant's sixth point to the effect that he was entitled to foreclosure of a lien (equitable, if not legal) upon the land to secure the amount he had paid in taxes thereon. As above shown appellant acquired title to the land from Mrs. Witliff in July, 1937. At that time the involved taxes were secured by a first lien upon the property and Steck's abstract of judgment lien was subordinate thereto. As owner of the beneficial as well as the legal title, appellant had the right to discharge that lien in order to protect his title. He was in no sense a volunteer. His procuring the bank to make the payment was the same as if he had made the payment himself. He was personally liable to the bank for the sum it had so advanced; and he later discharged that obligation. It is not material whether the bank acquired a lien upon the property under Art. 7345a, Vernon's Ann.Civ.St. Having discharged a senior incumbrance (the tax lien) to protect his own title, appellant was in equity entitled to subrogation to that lien as against a junior incumbrancer (Steck). The following decisions support this holding. Hill v. Moore, 85 Tex. 335, 348, 19 S.W. 162; Meador Bros. v. Hines, Tex. Civ.App., 165 S.W. 915, error refused; Hines v. Meador, Tex.Civ.App., 193 S.W. 1111, error refused; Capital, etc., Ass'n v. Sosa, Tex.Civ.App., 72 S.W.2d 936, 937.

The trial court's judgment is reformed so as to establish a lien upon the land in suit in favor of appellant for the sum of $62, with 6% interest per annum thereon from September 27, 1937, and to foreclose such lien. As so reformed it is affirmed.

Reformed and affirmed.

### On Appellee's Motion for Rehearing.

■ Our holding that appellant was entitled to an equitable lien to reimburse him for taxes he had paid on the property is assailed by appellee on the ground that "appellant could not possibly become subrogated to the tax lien because such subrogation can never be in favor of, but is always against the true owner of the land at the time such payment is made." The cases cited in our original opinion are asserted to be inept; and in support of the above contention Harrison v. First Nat. Bank, Tex.Com.App., 238 S.W. 209, 210, is cited. This case fully recognizes the principle we have here applied; and quotes as a rule of universal application the following from Pomeroy's Eq. Juris, 4th Ed., Vol. 3, par. 1212, p. 2902: "In general, when any person having a subsequent interest in the premises, and who is therefore entitled to redeem for the purpose of protecting such interest, and who is not the principal debtor primarily and absolutely liable for the mortgage debt, pays off the mortgage, he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lien so far as may be necessary in equity for his own benefit; he is subrogated to the rights of the mortgagee to the extent necessary for his own equitable protection."

■ A distinction, which is fundamental and controlling, is made between such case and one where the purchaser of property is himself obligated to pay the debt which is secured by the prior incumbrance. The rule in the latter case is thus given in the syllabus: "When a grantee as part of the consideration for land assumes the payment of a mortgage or other lien against it, the payment of the indebtedness which the lien represents completely extinguishes the lien, and the grantee cannot be subrogated to the rights of the lienholder, nor keep the lien alive for any purpose."

The applicable rule is thus stated in 25 R.C.L., p. 1353: "There are numerous decisions to the effect that where a purchaser buys land and takes a deed thereto, and subsequently pays a prior lien on the property which he is not primarily bound to pay, but which if not paid might cause him to lose his interest therein, he is subrogated to the rights and remedies of such prior lien, as against a lien which is superior to his title."

The same rule is announced in 60 C.J. p. 789, § 99, and 39 Tex.Jur. p. 780, § 23.

In so far as concerns the question at issue, there is no difference in principle between a tax lien and other incumbrance. The rule is one of general application based upon established principles of equity jurisprudence of long standing.

There is an extended note upon the subject as related specifically to taxes in 61 A.L.R., beginning on page 599, second

**1110**

column.  See, also, 39 Tex.Jur. p. *779*, § 22.

Appellant was in no sense liable for these taxes. He acquired the property from Mrs. Witliff, July 26, 1937, by general warranty deed for $500 cash. At that time the involved taxes, which were for prior years, had already accrued and were a first lien upon the property. Appellee's lien was subordinate thereto. There was no obligation on appellant's part to discharge the tax lien, and his only purpose in discharging it was to protect the title he acquired under his deed. Under the above authorities he was entitled to an equitable lien, superior to appellant's lien, to reimburse him for the taxes he had so paid.

The motion is overruled.

Overruled.