### FIRST STATE BANK OF MAYPEARL v. NATIONAL LIFE INS. CO. et al.

#### No. 1251.

Court of Civil Appeals of Texas. Waco.

June 9, 1932.

J. L. Gammon, of Waxahachie, for plaintiff in error.

Read, Lowrance & Bates, Alex W. Spence, and Julius H. Runge, all of Dallas, and J. T. Spencer, of Waxahachie, for defendants in error.

### GALLAGHER, C. J.

This suit was instituted by defendant in error, National Life Insurance Company, hereinafter called the insurance company, against G. C. Tirey, Ethel Parchman, and various other individuals unnecessary to name,

and the First State Bank of Maypearl, hereinafter called the bank, to establish the amount due and owing to it on a certain promissory note in the sum of $20,000, bearing interest and stipulating for the payment of attorney's fees, executed by said Tirey to the Demming Investment Company, and by it assigned to the insurance company, and for foreclosure of a mortgage lien on a certain 320-acre tract of land situated in Ellis county. Said note and lien were dated December 14, 1920. The insurance company alleged that, after the execution and delivery of the same, said Tirey had been discharged in bankruptcy and was no longer personally liable for said indebtedness, and that none of the other defendants had assumed the same, but that all of the defendants were asserting some sort of claim to the mortgaged property.

The bank filed an answer and cross-action, in which it alleged that the Citizens' State Bank of Maypearl, on January 1, 1928, held a lien on the tract of land involved herein, executed and delivered to it by said G. C. Tirey; that, after giving said lien, he transferred said land to defendant Ethel Parchman; that she then and there owed state, county, and school district taxes legally assessed and levied against said land in the sum of $461.08; that on said day and date, at the request of said Ethel Parchman, then owner of said land, and under an agreement with her that said bank should have the rights, liens, and remedies of the state, county, and school district to which said taxes were due, said bank paid said taxes, and said Ethel Parchman executed and delivered to it her promissory note in said sum of $461.08, and further executed a deed of trust on said tract of land to secure the same, and stipulated therein that said bank should be subrogated to the rights and liens of the state, county, and school district against said land; that thereafter said note and deed of trust were duly assigned and transferred to defendant bank. The bank further alleged that said Ethel Parchman reconveyed said land to said Tirey, and that thereafter he executed a renewal note in the sum of $568.72, being the amount of the original Parchman note, with interest to that date, and also executed and acknowledged another deed of trust on said land to secure the same, and expressly stipulated therein that the bank was entitled to full rights of subrogation. The bank alleged that its lien to secure the repayment of the amount expended by said Citizens' State Bank was superior to the lien of the insurance company's mortgage, and asked for judgment against both said Ethel Parchman and G. C. Tirey for the amount of taxes so paid, and for a decree foreclosing its lien and declaring the same superior to the insurance company's lien.

The insurance company, by supplemental petition, interposed a general demurrer to the bank's cross-action, and, in addition thereto, alleged that under a provision of the deed of trust securing its debt it had the first privilege of paying delinquent taxes when the owner of the land failed to pay the same and of becoming subrogated to the lien securing such taxes, and that no one could by the payment of such taxes be subrogated to such lien without its consent, and that it had not consented to the payment of any taxes by the bank, and that any purported lien held by it to secure such payment was inferior and subordinate to its mortgage lien.

The case was tried by the court. The insurance company presented its general demurrer to the bank's cross-action. The court sustained the same and dismissed said cross-action. The court then rendered judgment in favor of the insurance company establishing its indebtedness in the sum of $27,683.01, without personal judgment against any one, and foreclosing a lien on said land to secure the same against all the defendants, including the bank.

### Opinion.

The bank presents assignments of error complaining of the action of the court in sustaining a general demurrer to its cross-action. It contends in that connection that the allegations of said cross-action show that its assignor acquired by subrogation the lien of the state, county, and school district on said land to secure the taxes so paid, and that such lien is superior to the mortgage lien asserted by the insurance company. This court, in the case of Texas Bank & Trust Co. v. Bankers' Life Company, 43 S.W.(2d) 631, considered a state of facts substantially the same as shown by the allegations in the bank's cross-action in this case. We there held that the appellant therein, having paid taxes assessed against the land involved at the request of the owner and having taken a deed of trust thereon to secure the same, expressly stipulating that it should be subrogated to the tax lien, was entitled in foreclosure proceedings to a decree establishing and foreclosing such lien and declaring the same superior to a prior mortgage on said land held by the appellee in said cause. The Supreme Court refused a writ of error in that case. The trial court erred in sustaining the insurance company's general demurrer to the bank's cross-action.

We have considered all of the insurance company's counter propositions and the authorities submitted in support of the same, and have reached the conclusion that they present nothing justifying or requiring the affirmance of the judgment of the trial court in this case.

Said judgment is therefore reversed, and the cause remanded.