## CITIZENS SAV. BANK & TRUST CO. et al. v. SPENCER et al.

### No. 4727.

Court of Civil Appeals of Texas. Amarillo.

April 5, 1937.

Rehearing Denied April 26, 1937.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellants.

Robert A. Sowder, of Lubbock, for appellees.

JACKSON, Justice.

This suit was instituted by the plaintiffs, the Citizens Savings Bank & Trust Company of St. Johnsbury, Vt., herein called the savings bank, and H. C. Glenn, the receiver of the Temple Trust Company, herein designated receiver, against the defendants Robert, Winnie, John, and Herbert Pettit, Dora Pettit Breedlove, Ernest Breedlove, Mrs. Nellie Pettit, and her two minor children, Alton, Jr., and John L. Pettit, hereafter called the Pettit heirs, Charles Morris, W. E. Spencer, and the Lubbock National Bank.

The savings bank prayed for a judgment against W. E. Spencer on a note dated March 1, 1923, on which the principal, interest, and attorneys' fees amounted to $4,987.95, and also sought a foreclosure against all the defendants of an alleged first lien on the southwest ¼ of section 11, block P, Lubbock county, Tex., given by W. E. Spencer to secure the payment of the indebtedness sued for.

The receiver sought a judgment on the balance of an installment note dated March 1, 1923, amounting, with principal, interest, and attorneys' fees, to $311.50, against W. E. Spencer, and a foreclosure against all the defendants of an alleged second lien against the same property.

The court appointed a guardian ad litem to represent the minors, and they, together with the other Pettit heirs, answered, but the character of their defense is not disclosed; however, since judgment was rendered foreclosing the liens on the land involved against them and no complaint is made of such action, there is nothing for consideration before this court as to them.

The Lubbock National Bank, hereinafter called the bank, answered by general denial, admitted the execution of the notes and deeds of trust by W. E. Spencer upon which the plaintiffs based their suit, and pleaded a cross-action, the allegations of which material to a disposition of this appeal are: That some time prior to March 1, 1928, W. E. Spencer requested the bank to advance the sum of $200 to pay an installment of interest which was due on the notes sued on and agreed that the bank should be subrogated to all the rights of the holder of the first and second mortgages securing the payment of said notes; that pursuant to such agreement, the bank advanced the sum of $200, and the receiver assigned the obligations and the liens securing said amount, and the bank is now the owner and holder thereof; that thereafter, at the request of W. E. Spencer, it paid the taxes for the year 1927, amounting to $56.60, upon an agreement with W. E. Spencer that the bank should be subrogated to the tax lien securing the payment thereof, and on March 26, 1928, W. E. Spencer executed to the bank his note, including the item of taxes paid to the collector, and the interest item paid to the receiver, together with other indebtedness due it by Spencer, and also executed his deed of trust on the southwest ¼ of section 11 to secure the payment of the two items above mentioned, with the other indebtedness. The bank asked for a money judgment against W. E. Spencer and the plaintiffs; that its liens be decreed superior to the liens claimed by the plaintiffs; and that it have a foreclosure thereof.

The case was submitted to the court without a jury and judgment rendered in favor of the savings bank against W. E. Spencer for the sum of $4,987.95; in favor of the receiver against him for the sum of $311.50; in favor of the bank against W. E. Spencer, the savings bank and the receiver for $53.82, the taxes, which with interest thereon at the rate of 10 per cent. per annum, amounted to $96.87; and in favor of the bank against W. E. Spencer for $360, principal, interest, and attorneys' fees.

In the decree, the court adjudged that the taxes and interest thereon were secured by a first lien; that the debt of the savings bank was secured by a second lien; that the debt of the receiver was secured by a third lien, and the $200 paid by the bank to the receiver with 10 per cent. per annum thereon was secured by a fourth lien, and directed the sale of the land and that the proceeds thereof be distributed in accordance with the judgment.

■ The savings bank and the receiver, the appellants, urge as error the action of the court in rendering a money judgment against them or either of them for the taxes and interest thereon, since the record shows that neither of them owned the land and neither requested the bank to pay such taxes. There is no testimony of any contract, express or implied, that the appellants would repay the bank the tax money advanced, and since it is uncontroverted that appellants were lienholders and not owners, this assignment is sustained.

■ The appellants assail as error the action of the court in holding that the bank had a lien superior to their respective liens by virtue of its alleged subrogation to the lien for taxes.

The record discloses that W. E. Spencer requested the bank to advance the money to pay the taxes and agreed that for the money so advanced, the bank should be subrogated to the lien securing the taxes; that Mr. Spencer notified the tax collector, and he delivered the tax receipts to the bank and the money was paid direct to the collector. These tax receipts were dated March 9, 1928, and on March 26, 1928, this oral agreement was merged into a written contract by W. E. Spencer, executing his note covering the item of taxes and the interest advanced to the receiver, and contemporaneously therewith, executed his deed of trust covering the land involved in this controversy to secure the payment of such items. This deed of trust contains this provision:

"Whereas said Lubbock National Bank also paid the taxes on said above described real estate and premises for said W. E. Spencer for 1927 and holds his note, as above mentioned, covering the advances

made for him, as herein stated, this deed of trust is given said Lubbock National Bank as security for such advances made by it and to secure said note above described, and the Lubbock National Bank, by virtue of such payments, is subrogated to the rights and liens heretofore held by said Temple Trust Company and the tax lien against said real estate and premises herein described."

This note and deed of trust were kept in full force and effect, and under this evidence, we do not feel warranted in holding that the finding of the court that the bank was subrogated to the tax lien is without support in the testimony.

The question here presented has apparently been decided against appellants' contention in Texas Bank & Trust Company v. Bankers' Life Company (Tex.Civ. App.) 43 S.W.(2d) 631 (writ. ref.).

Following this holding, it was said in First State Bank of Maypearl v. National Life Insurance Company et al. (Tex.Civ. App.) 51 S.W.(2d) 646 (quoting the syllabus): "One paying taxes at landowner's request, taking trust deed providing for subrogation to tax lien, has lien superior to prior mortgage."

■ The appellants say that in no event was the bank secured by a first lien for interest at the rate of 10 per cent. per annum on the $53.82, which was the amount of taxes paid by the bank. This contention, we think, is correct. Article 7336, R.C.S. provides for interest on delinquent taxes, but does not specify the rate; hence, we conclude that the bank was subrogated to the tax lien for $53.82, which was the amount of taxes paid, together with the legal rate of interest of 6 per cent. thereon from the date of the judgment.

The judgment against the appellants for the taxes is reversed and rendered against the bank, and the decree allowing the bank a foreclosure for the amount of 10 per cent. interest on the taxes paid, $53.82, is reversed and here reformed so as to allow the bank to foreclose for the amount of taxes and legal interest of 6 per cent. thereon.

In all other respects, the judgment is affirmed.

The bank's motion to dismiss the appeal is overruled.