**DOTSON et ux. v. PAHL et al.**

**No. 9661.**

Court of Civil Appeals of Texas. Austin.
Nov. 5, 1947.

Chas. T. Haltom, of San Antonio, for appellants.

T. H. Ridgeway, of San Antonio, for appellees.

HUGHES, Justice.

This appeal involves the validity of the trial court's judgment in establishing and foreclosing a lien under the following circumstances:

On September 27, 1941, Willie Pahl and wife, Pauline Pahl, owned and were occupying as their homestead certain real property in the City of San Antonio, which they continued to occupy until shortly before their deaths in the latter part of 1945. On September 27, 1941, Willie Pahl executed and delivered a deed to such property to his daughter-in-law, Edna Pahl, the pertinent part of such deed being: "That I, Willie Pahl, of the County of Bexar, State of Texas, for and in consideration of the sum of one dollar and other good and valuable considerations to me in hand paid by Edna Pahl, out of her separate funds and whereas there is now due the City of San Antonio and the San Antonio Independent School District the sum of $238.80 as taxes upon the hereinafter described property for the fiscal years 1932 to 1940, inclusive, and the sum of $26.42 is due the State of Texas and the County of Bexar as taxes for the years 1939 and 1940, and I here now request the said Edna Pahl to pay said taxes and she is hereby subrogated to all the liens, rights and equities of said taxing bodies to secure the payment of said taxes which liens and rights are here merged into this deed, * * *."

Edna Pahl, who died after the institution of this suit, paid the taxes mentioned in such deed.

Appellees, A. J. Pahl and son, Allen Pahl, are the only heirs of Edna Pahl.

Appellant Lillie Dotson is a daughter of Willie and Pauline Pahl, deceased, and she and A. J. Pahl own the fee title to the property in suit.

The trial court construed the above deed as a mortgage and rendered judgment foreclosing the lien for the amount of taxes paid by Edna Pahl.

Appellant takes the position that Edna Pahl had no lien and did not become subrogated to the lien of the taxing authorities because of non-compliance with art. 7345a, Vernon's Ann.Civ.St.

Prior to the passage of this statute one who paid taxes at the request of the owner with the agreement that he was to retain the tax lien to secure the amount of taxes paid became subrogated to the lien held by the taxing authority; nor was the consent of the taxing authority required. Texas Bank & Trust Co. v. Bankers Life Co., Tex.Civ.App., 43 S.W.2d 631 (Writ Ref.).

Sec. 1 of art. 7345a makes it the duty of the tax officer to transfer the tax lien held by State, etc., at the request of the owner of real property to the person pay-

ing such tax "under the conditions hereinafter provided and not otherwise."

The remaining sections of the above Article provide the procedure to be followed and relate to other matters not relevant here.

It is the action and authority of the tax officer which is controlled and regulated. This Article does not prohibit the tax officer from receiving real estate taxes from any one but the owner, nor is such payment prohibited by any statute called to our attention; in fact art. 7257, V.A.C.S., provides that the tax officer, " * * * whenever any tax is paid, shall give to the person paying the same a receipt therefor, * * *."

■ Art. 7345a does not purport to restrict private contracts and agreements with respect to the payment of taxes, but as stated merely regulates the transfer of a tax lien by the tax officer.

In McDermott v. Steck Co., Tex.Civ. App., 138 S.W.2d 1106, 1109 (Writ Ref.), the court held that one who discharged a tax lien to protect his own title was in "no sense a volunteer" and was in equity entitled to subrogation to that lien as against a junior incumbrancer, it being immaterial that the lien had not been acquired in accordance with art. 7345a.

It follows that appellees' right to a lien for taxes paid at the request of the owner depends upon an application of the equitable doctrine of subrogation.

According to Professor Pomeroy among the classes entitled to invoke this doctrine are those who act at the request of the debtor, directly or indirectly. 2 Pomeroy's Equity Jurisprudence, Sec. 921.

See also Subrogation, 38 Tex.Jur., Sec. 28, and cases there cited.

. ■ Edna Pahl, who acted at the request of the owner, not being a volunteer, appellees, who have succeeded to her rights, are entitled to invoke the doctrine of subrogation, notwithstanding the failure to comply with art. 7345a, V.A.C.S. McDermott v. Steck, supra.

The judgment of the trial court is affirmed.

Affirmed.