**CONROY MORTGAGE CORPORATION,**
Appellant,

v.

**Robert E. B. FIELDER et al., Appellees.**

No. 16513.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 24, 1964.

Rehearing Denied Feb. 21, 1964.

---

Wm. Andress, Jr., Dallas, for appellant.

Bondurant & Cribbs, and Wm. L. Bondurant, Arlington, for appellees.

MASSEY, Chief Justice.

This is an appeal from a judgment in trespass to try title to realty in Tarrant County, Texas, in so far as it was rendered in favor of plaintiff Robert E. B. Fielder as against defendant Conroy Mortgage Corporation.

Judgment is affirmed.

Conroy Mortgage Corporation will hereinafter be styled appellant, and Fielder will be referred to as appellee. Robert W. Rogers will be referred to as Rogers.

In 1951 appellee sold a house and lot to Rogers. Pursuant thereto he accepted a $16,000.00 vendor's lien note. The obligation was secured by a vendor's lien on the property conveyed, and further secured by a deed of trust. These instruments gave the right to appellee to pay the taxes accruing against the property, but did not make it his obligation. They embraced the agreement on the part of Rogers to pay such taxes, and it was his obligation.

By late 1959 there was owing an arrearage of taxes, plus penalties and interest, of more than $2,000.00. Suit of foreclosure was threatened by tax authorities. Rogers and the appellant entered into a transaction under and in accordance with which the appellant, at the special instance and request of Rogers, paid $2,350.62 as delinquent taxes on the property. (Since that time appellant paid subsequently accrued taxes.) From Rogers, in consideration thereof, the appellant took assignments of the tax liens, and a demand note secured by a deed of trust upon the property, containing the usual power of sale plus recitations relative to its being subrogated to the tax liens. No tax officer authorized to collect such taxes ever transferred the lien securing the same over unto the appellant. See Vernon's Ann.Civ.St.Tex. Art. 7345a, "(Delinquent Taxes) Transfer of tax lien". It is of interest to note the inhibition of said article against foreclosure against the property for the period of twelve (12) months after payment of such taxes, as against one to whom the tax lien is transferred under its authority.

Later in 1961 the appellant purportedly foreclosed the lien given it by Rogers, under authority of the Deed of Trust securing the obligation of Rogers to the appellant, heretofore referred to. There was no proceeding in any court. The sale was under authority of the 1961 Deed of Trust and took place on November 7, 1961. The appellant purchased the property for a consideration of $2,500.00 under deed of the trustee. It is not established in the record whether the appellee did or did not have actual knowledge of said sale, but from the briefs of the parties it is apparently not a matter of dispute but that the appellee was uninformed and did not learn of it until some time afterward. Through arrangement with the appellant Rogers remained in possession of the property under some form of rental agreement. Thereafter the appellee took action to foreclose under his mortgage. On December 5, 1961 the property was sold under the authority of the

1951 Deed of Trust, given to secure the appellee at the time he sold the property to Rogers. Appellee purchased the property for an amount less than the debt owed him and received a trustee's deed from the substitute trustee.

Afterward appellee filed suit in trespass to try title as against Rogers. Appellant was joined as party defendant. Both appellant and appellee moved for summary judgment.

The suit became somewhat involved as between Rogers and the appellee in respect to the matter of Rogers' claim for damages and for accounting, and in respect to the appellee's claim against Rogers for rents. The court entered an order severing these questions into a separate action pending, leaving the case under the number and style originally docketed as a suit for title and possession to the subject property—with the appellee on the one side as adversary to the appellant and Rogers on the other. In this case the court granted a summary judgment awarding appellee title and possession of the property (describing it) as against Rogers and the appellant, subject only to obligation imposed on appellee to repay the appellant the amount expended for taxes, together with interest and penalties accrued thereon, in the amount of $3,158.46. Such had been tendered by the appellee in his pleadings before the hearing. The $3,158.46 was paid into the registry of the court afterward, when the amount was ascertained by the court.

Rogers did not appeal. Appellant did.

In Trimble v. Farmer, 1957, 157 Tex. 533, 305 S.W.2d 157, 161, it was stated that V.A.T.S. Art. 7345a provides that "the tax lien may be transferred under the conditions set out in Art. 7345a, 'and not otherwise' ". For purposes of the opinion the statement seems to be dictum. If the statement correctly sets out the law the appellant never received the tax lien at all, even by way of subrogation. Appellant may have been possessed of the right to have the lien transferred to it, but never availed itself thereof, and hence never enjoyed a position different from that which would have been existent if it had loaned Rogers an amount of money equivalent to the total of the delinquent taxes, and which money Rogers used for some other purpose. Under such hypothesis appellant received nothing more than a second lien on the property.

Dotson v. Pahl, 1947 (Tex.Civ.App., Austin), 206 S.W.2d 272, held to the contrary. Therein the court said that Art. 7345a did not purport to restrict private contracts and agreements with respect to the payment of taxes, but as stated "merely regulates the transfer of a tax lien by the tax officer". The effect of the holding was that the validity of the transaction thereunder consideration, not to be distinguished from that before us antecedent to appellant's purported foreclosure under the 1961 Deed of Trust, extended beyond the property owner whose delinquent taxes were paid affecting antecedent liens,—and that the tax lien was transferred to him who paid them under the equitable doctrine of subrogation, and remained a lien upon the property first and prior to any other. The decision of the trial court, affirmed on appeal, was in a suit to foreclose the tax lien. Attempted sale under deed of trust foreclosure proceedings was not in question.

The decision in the Dotson v. Pahl case, supra, followed the holdings of Texas Bank & Trust Co. v. Bankers' Life Co., 1931 (Tex.Civ.App., Waco), 43 S.W.2d 631, error refused, and of First State Bank of Maypearl v. National Life Ins. Co., 1932 (Tex. Civ.App., Waco), 51 S.W.2d 646. In neither case was there a dispute relative to antecedent action taken under purported authority of deeds of trust. Both suits were filed to foreclose liens. A case of similarity was McDermott v. Steck Co., 1940 (Tex. Civ.App., Austin), 138 S.W.2d 1106, error refused. In that case it is interesting to note that the court held that one who paid taxes on the property of another under circumstances creating (under principles of subrogation) a lien prior to an antecedent judgment lien, is so subrogated only to the

extent necessary for his own equitable protection. In all the aforesaid Texas cases it appears that opportunity was afforded him whose lien would have been prior but for the existence of the tax lien to pay off the debt secured thereby and be thus restored to his prior favored position. Of course such was not done in the instant case nor could it be done in any case where foreclosure is accomplished through a sale under authority of a deed of trust.

The opinion in the case of Fest v. Williams, 1935 (Tex.Civ.App., San Antonio), 89 S.W.2d 1072, cannot be considered as authority in this case. There was no dispute in that case between lienholders upon whose lien was first and prior, and whose was secondary.

There is a line of cases holding contrary to that of the Waco and Austin Courts of Civil Appeals. There have been holdings in Massachusetts, Maryland, Georgia and Arkansas which were in accord. See 61 A.L.R. 587 (supplemented at 106 A.L.R. 1212), Annotation: "Right of one who pays taxes for which another is bound, to subrogation to the right of the taxing power."

In the cases by the Waco and Austin Courts of Civil Appeals the parties apparently rendered obeisance to provisions of V.A.T.S. Art. 7328a, "Tax sales of real estate", Art. 7326, "Suits to foreclose tax lien", and Art. 7328, "Proceedings in tax suits". (The articles are listed as they presently exist under the Revised Civil Statutes of 1925.) This statement is made because there was no apparent deviation from statutory provisions thereof by any of the parties in any of the cases.

Art. 7328a provides: "That all sales of real estate made for the collection of delinquent taxes due thereon shall be made only after the foreclosure of tax lien securing same has been had in a court of competent jurisdiction in accordance with existing laws governing the foreclosure of tax liens in delinquent tax suits". Art. 7326 prescribes the manner in which tax liens may be enforced by the taxing authorities

as: "* * * Such suit shall be brought as an ordinary foreclosure for debt, with averments as to the existence of a lien upon such land for such taxes, * * * and shall pray for judgment for the foreclosure of the said lien and sale of said lands as under ordinary execution. * * *" Art. 7328 directs that all record lienholders shall be made parties defendant in any suit to foreclose a tax lien.

The appellant contends that V.A.T.S. Art. 7345a, "(Delinquent Taxes) Transfer of tax lien", is wholly inapplicable in this case. Appellant founds the premise for propriety to disregard that statute on a contention that the article merely provided an "additional" form (of procedure) for transfer of tax liens; that it was enacted for the relief of persons threatened with loss of their property because of delinquent taxes thereon during the "depression" years. Such was the opinion of the court in Dotson v. Pahl, supra.

Appellee, on the other hand, contends that Art. 7345a is controlling. Under that article it would seem that appellant's lien would be secondary and the debt thereby secured satisfiable only if the property brought more than enough to pay the debt owing the appellee. Yet, however, the appellee at all times has conceded that appellant is entitled to have reimbursement of the amount expended by it to pay Rogers' delinquent taxes and other taxes on the property. Appellee tendered whatever the proper amount might be, as determined by the court. The court's judgment determined the proper amount, and conditioned appellee's award thereunder upon its payment. Appellee paid such into the registry of the court. He has not advanced any cross-point of error on the appeal by which he complains because he has been required to make the payment.

Therefore it seems that appellee is in the position of conceding that appellant's lien is a tax lien, and as such is prior to his own, but that at least as against him, (his being the only outstanding lien of record against

**348**

the property), appellant would have absolutely no right to foreclose the same under authority of any deed of trust—and could only foreclose the same (as a first and prior tax lien) and support a sale of the property by a suit for that purpose brought in a court of competent jurisdiction, followed by a sale authorized in the judgment. See V.A. T.S. Arts. 7328a, 7326, and 7328. Waiving right to require appellant to resort to such procedure, however, appellee affirms his willingness to repay appellant's expenditure in a discharge of the appellant's lien, as a valid prior lien (equitable, if not legal) in order to protect his title. See McDermott v. Steck Co., supra.

In any event the law is with the appellee. Judgment would be treated as having been properly rendered for appellee and against the appellant under any test we are required to make by the points of error presented.

Judgment is affirmed.