Robert W. ROGERS et ux., Appellants,

v.

Robert E. B. FIELDER, Appellee.

No. 16654.

Court of Civil Appeals of Texas.

Fort Worth.

June 25, 1965.

Rehearing Denied July 23, 1965.

———◆———

Andress, Woodgate, Richards & Condos, and Wm. Andress, Jr., Dallas, for appellants.

Simon, Crowley, Wright, Ratliff & Miller, and M. Earl Rutledge, Fort Worth, for appellee.

RENFRO, Justice.

This is an appeal by Rogers from a summary judgment denying his plea for equitable relief from a foreclosure of a lien upon property.

On the first day of June, 1951, Fielder conveyed by warranty deed certain described real estate to Rogers. The deed recited a consideration of $19,000, payable $3,000 cash and a $16,000 vendor's lien note payable in monthly installments of 125.

Rogers executed a deed of trust of even date.

By 1960 Rogers was delinquent in payment of taxes and was involved in a controversy with Fielder as to the exact amount due to Fielder on the vendor's lien note.

Rogers' attorney and Fielder's attorney tried diligently, but vainly, to get the parties to agree upon the total amount due. Neither would accept the calculation of the other.

After September, 1960, Rogers made no payments on the note.

At the request of Rogers, Conroy Mortgage Corporation paid $2,350.62 delinquent taxes on the property and Rogers, on March 28, 1961, executed a deed of trust to Conroy to secure said amount.

Rogers did not pay Conroy. Conroy foreclosed its lien on the property at trustee's sale on November 7, 1961.

On December 5, 1961, Fielder foreclosed his deed of trust lien of June, 1951, and bought the property for $12,310.06.

Fielder, on August 3, 1962, brought suit for title and possession against Rogers and Conroy Mortgage Corporation.

Rogers answered that he was occupying the premises as the tenant of Conroy, having lost his equity by reason of Conroy's foreclosure. By way of cross-action Rogers asked for an accounting; and that any amounts owing by him to Fielder be credited upon any amount of damages he might recover against Fielder growing out of the loss of the property.

Rogers' cross-action was severed from the title and possession suit.

Judgment was entered for Fielder for title and possession against Rogers and Conroy.

Rogers did not appeal.

Conroy appealed. The judgment of the trial court was affirmed. Conroy Mortgage Corporation v. Fielder, 375 S.W.2d 344, (Fort Worth Civ.App., 1964, ref. n. r. e.).

On January 12, 1965, summary judgment was entered against Rogers on his cross-action, hence this appeal.

In substance, Rogers' points of error contend he was entitled to an accounting of the application of his payments to Fielder and the sum realized from the sale of the property and that the trial court should have given him the right to redeem the property.

Rogers first raised the question of redemption in his second amended cross-action filed on June 30, 1964, a time long after the sale under the 1951 deed of trust had been made and several months after this court had affirmed the title and possession judgment.

■ The parties may, as Rogers and Fielder did in the 1951 deed of trust, validly provide in a deed of trust that all prerequisites to the sale are presumed to have been performed and that recitations and statements of facts in the conveyance to the purchaser shall be full or prima facie evidence of the truth of the matters stated, and this presumption of regularity will obtain until it is stricken down by competent testimony. 39 Tex.Jur.2d 210, § 153, and authorities therein cited. See also Tarrant Savings and Loan Association v. Lucky Homes, Inc., 390 S.W.2d 473 (Tex.Sup., 1965).

Fielder introduced all evidence necessary to fully establish the regularity of the foreclosure proceedings and the validity of his trustee's deed.

■ Rogers did not in the trial court, and does not in this court, rebut such evidence. He never at any time sought to prevent sale under the deed of trust, and after the sale did not at any time attack the validity of such sale and the deed obtained by Fielder; neither did he appeal from the judgment based on the foreclosure of the deed of trust lien which awarded title and possession to Fielder.

■ A sale regularly exercised under a power is equivalent to a strict foreclosure by a court of equity properly pursued. Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147 (1912).

■ It is well settled that the foreclosure of a lien by sale, by the trustee in a deed of trust in accordance with the terms of the instrument and in accordance with the statutes regulating such sales, has the effect to cut off any equity or redemption theretofore existing in the grantor. Slay

v. Gose, 233 S.W. 348 (Fort Worth Civ. App., 1921, no writ hist.); Miller v. Matthews, 176 S.W.2d 1011, p. 1014, par. 9–11 (Eastland Civ.App., 1943, no writ hist.).

Rogers contends he was entitled to any surplus realized from the trustee's sale. It was determined in the title and possession suit that Fielder purchased the property for an amount less than the debt owed him, Conroy Mortgage Corporation v. Fielder, supra, p. 346, hence here was no surplus. As heretofore stated, Rogers did not appeal from that judgment.

All points of error have been considered and are overruled.

Affirmed.