Glen A. MARTIN and Dorothy
F. Martin, Appellants,

v.

REPUBLIC LAND TECHNOLOGY,
L.L.C., Appellee.

No. 04–01–00130–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 12, 2001.

George J. Carson, San Antonio, for appellants.

Michael Flume, Munn & Flume, P.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, CATHERINE STONE and KAREN ANGELINI, Justices.

Opinion by ALMA L. LÓPEZ, Justice.

This case involves a claim of reimbursement for payment of delinquent ad valorem taxes and was tried on the following stipulated facts. On December 9, 1994, an entity known as Dosohs I, Ltd. purchased an undivided 54.8% interest in real property owned by Glen and Dorothy Martin and situated in the City of Terrell Hills at a sheriff's sale. The property was subject to tax liens for ad valorem taxes owed in 1993, 1994, and 1995.[1] On December 14, 1995, Dosohs obtained a decree of partition, with the Martins receiving one acre and Dosohs receiving the remaining 1.208 acre tract. Dosohs then paid its pro rata share of ad valorem taxes owed for the years 1994 and 1995.

On September 14, 1998, Dosohs entered into a contract to sell a portion of its tract to David and Claire Daviss under a purchase contract that required that all tax liens on the Daviss purchase be paid in full. Prior to closing, Dosohs conveyed the entire 1.208 acre tract and assigned the Daviss purchase contract to Republic Land Technology on November 25, 1998.[2] At the closing on February 19, 1999, Republic paid delinquent taxes totaling more than $75,000.00 owed by the Martins on the original undivided tract. Republic, as successor in interest to Dosohs, then sued the Martins seeking contribution for the taxes it had paid on their behalf. Following a trial before the court on stipulated facts as evidenced by the supporting documents, the court entered judgment in Republic's favor. The Martins bring this appeal, asserting error on the ground that Republic paid the taxes as a volunteer.

## STANDARD OF REVIEW

Where findings of fact or conclusions of law are neither filed nor requested, the judgment of the trial court implies all necessary findings of fact to support it, provided that the proposition is one raised by the pleadings and supported by the evidence; and the trial judge's decision can be sustained on any reasonable theory that is consistent with the evidence and the applicable law, considering only the evidence favorable to the decision. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992); *Austin Area Teachers Fed. Credit Union v. First City Bank–Northwest Hills, N.A.*, 825 S.W.2d 795, 801 (Tex. App.—Austin 1992, writ denied). When the implied findings of fact are supported

---

1. The tax liability owed for these three years totaled $75,461.99. There was also a 1989 State Comptroller's tax lien on the original tract of real property for $833.29 that had remained unpaid.

2. The record reflects that Matt N. Molak is the president of both entities.

by the evidence, the appellate court must uphold the judgment on any theory of law applicable to the case. *Allen v. Allen,* 717 S.W.2d 311, 313 (Tex.1986).

### REPUBLIC NOT A VOLUNTEER

■ As a general rule, one who pays taxes due on property of another, without any request by the debtor or any contractual right to do so or any joint liability therefor, is a volunteer and is not entitled to reimbursement. *See Burkhardt v. Lieberman,* 138 Tex. 409, 159 S.W.2d 847, 853 (1942, op.adopted). The Martins argue that because Republic owned no title to their partitioned portion of the original tract, and was never a co-tenant of the Martins, Republic could not claim the right of subrogation for payment of the Martins' share of the taxes owned on the original tract. *See North Texas Lumber Co. v. First Nat'l Bank of Atlanta,* 186 S.W. 258, 261 (Tex.Civ.App.—Texarkana 1916, no writ).

Whether one who pays property taxes assessed on property owned by another is entitled to subrogation to the taxing authority's lien, and if so, the extent to which he is subrogated, equitably or otherwise, to the special privileges accompanying the lien, has been the source of much litigation. The taxpayer's right to subrogation may arise by statute, *see McDonald v. Doyschen,* 28 S.W.2d 243, 246 (Tex.Civ. App.—Fort Worth 1930, no writ), or by express agreement, *see Dotson v. Pahl,* 206 S.W.2d 272, 273 (Tex.Civ.App.—Austin 1947, no writ); *Kauffmann v. Hahn,* 59 S.W.2d 435, 436 (Tex.Civ.App.—San Antonio 1933, no writ); *Texas Bank & Trust Co. v. Bankers' Life Co.,* 43 S.W.2d 631, 631 (Tex.Civ.App.—Waco 1931, writ ref'd). Furthermore, there is a statutory procedure whereby the taxing authority's lien may be transferred. *See* TEX. TAX CODE § 32.06 (Vernon 1992). Even in the absence of statutory or contractual authorization, a limited right to equitable subrogation may arise in accordance with certain well-established rules of law. *Smart v. Tower Land and Inv. Co.,* 597 S.W.2d 333, 338 (Tex.1980).

■ Dosohs I acquired its interest in the property at a sheriff's sale. As owner of an undivided interest, Dosohs I was a co-tenant of the Martins. The partition decree failed to allocate the delinquent tax liability between the parties. *See* TEX. TAX CODE § 33.46(b) (Vernon 1992). When Dosohs I assigned its interest in the property to Republic, the conveyance was subject to all past due ad valorem taxes. Republic, as assignee, expressly agreed to assume the obligations of Seller under the Purchase Agreement with the Davisses. Thus, Republic stood in the shoes of Dosohs I, obliged to sell the property in question without any exceptions for delinquent ad valorem taxes or state tax liens. Under these circumstances, Republic was not a volunteer. *See Forney v. Jorrie,* 511 S.W.2d 379, 386 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.) (doctrine of subrogation given liberal application to include every instance in which one person, not acting voluntarily, has paid debt for which another was primarily liable which in equity and good conscience should have been discharged by latter).

Considering only the evidence favorable to the trial court's decision, we do not find reversible error. Appellant's issue is overruled. The judgment of the trial court is affirmed.