In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00176-CV


______________________________




NAOMI SHUNEDA STERRETT, Appellant



V.



GARY R. JACOBS, M.D., P.A., PHIL HAWNER, M.D.,


EAST TEXAS PLASTIC SURGERY ASSOCIATES, P.A.


AND COSMETIC SURGERY ASSOCIATION OF


EAST TEXAS, Appellees




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 2000-986-CC




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



 Naomi Shuneda Sterrett appeals the granting of a take-nothing summary judgment
in favor of the appellees, Gary Jacobs, M.D., P.A., Phil Hawner, M.D., East Texas Plastic
Surgery Associates, P.A., and Cosmetic Surgery Association of East Texas. Jacobs and
Hawner are partners in East Texas Plastic Surgery Associates, P.A., and do business as
Cosmetic Surgery Association of East Texas. In a single point of error, Sterrett contends
there was "sufficient evidence to place this matter before a finder of fact." We affirm the
judgment. 

 Sterrett's pleading at trial alleges she retained Jacobs and Hawner to perform a
subglandular bilateral replacement of breast implants. She sought to correct problems
associated with her existing implants, which included the visibility of muscular contractions. 
To alleviate this problem, Sterrett requested the doctors to replace the implants below the
gland, or subglandularly, as opposed to below the muscle. At surgery, Jacobs and Hawner
concluded a subglandular implant was a surgical impossibility due to the thinness of
Sterrett's muscle, so they placed the implants below the muscle. 

 Sterrett filed suit against Jacobs, Hawner, East Texas Plastic Surgery Associates,
P.A., and Cosmetic Surgery Association of East Texas for breach of contract and breach
of warranty. The defendants filed a motion for summary judgment under Rules 166a(c)
and (i) of the Texas Rules of Civil Procedure, contending that the statute of frauds barred
Sterrett's claim and that Sterrett had no evidence of any written contract or warranty. See
Tex. R. Civ. P. 166a(c), (i). The trial court granted the motion. 

 When a defendant moves for summary judgment on an affirmative defense, it must
conclusively prove all the essential elements of its defense as a matter of law, leaving no
issues of material fact. See Montgomery v. Kennedy, 669 S.W.2d 309, 310-11 (Tex.
1984); Fernandez v. Mem'l Healthcare Sys., Inc., 896 S.W.2d 227, 230 (Tex.
App.-Houston [1st Dist.] 1995, writ denied). When a trial court's order granting summary
judgment does not specify the ground or grounds on which the court relied for its ruling,
summary judgment will be affirmed on appeal if any of the theories advanced are
meritorious. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). 

 A no-evidence summary judgment is essentially a pretrial directed verdict. We
therefore apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. McCombs v. Children's Med. Ctr.,
1 S.W.3d 256, 258-59 (Tex. App.-Texarkana 1999, pet. denied); Jackson v. Fiesta Mart,
Inc., 979 S.W.2d 68, 70 (Tex. App.-Austin 1998, no pet.). We must determine whether the
nonmovant produced any evidence of probative force to raise a fact issue on the material
questions presented. Woodruff v. Wright, 51 S.W.3d 727, 734 (Tex. App.-Texarkana
2001, pet. denied); McCombs, 1 S.W.3d at 259; Jackson, 979 S.W.2d at 70. We consider
all the evidence in the light most favorable to the party against whom the no-evidence
summary judgment was rendered, disregarding all contrary evidence and inferences. 
Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence
summary judgment is improperly granted if the nonmovant presents more than a scintilla
of probative evidence to raise a genuine issue of material fact. Jackson, 979 S.W.2d at
70-71. More than a scintilla of evidence exists when the evidence "rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions." Havner,
953 S.W.2d at 711. 

 Whether an agreement falls within the statute of frauds is a question of law. Frost
Nat'l Bank v. Burge, 29 S.W.3d 580, 594 (Tex. App.-Houston [14th Dist.] 2000, no pet.). 
The Texas Business and Commerce Code provides that certain promises or agreements
must be in writing:

 (a) A promise or agreement described in Subsection (b) of this
section is not enforceable unless the promise or agreement, or a
memorandum of it, is


 (1) in writing; and


 (2) signed by the person to be charged with the promise or
agreement or by someone lawfully authorized to sign for him.


 (b) Subsection (a) of this section applies to:


 . . . .


 (8) an agreement, promise, contract, or warranty of cure
relating to medical care or results thereof made by a physician or
health care provider as defined in Section 1.03, Medical Liability and
Insurance Improvement Act of Texas. This section shall not apply to
pharmacists. 


Tex. Bus. & Com. Code Ann. § 26.01 (Vernon 2002). 

 Sterrett does not contend Appellees were not physicians or healthcare providers
under the Medical Liability and Insurance Improvement Act of Texas. See Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 1.03(a)(3), (8) (Vernon Supp. 2003). Therefore, a contract or
warranty by them to perform a subglandular replacement of breast implants was required
to be in writing to be enforceable. See Jeffery v. Walden, 899 S.W.2d 207, 212 (Tex.
App.-Dallas 1993) (finding alleged contract to provide suitable set of dentures had to be
in writing and signed by dentist to be enforceable), rev'd in part on other grounds, 907
S.W.2d 446 (Tex. 1995). 

 Sterrett contends the agreement and warranty were in writing and memorialized in
Jacobs' January 29, 1997, office note. This note, however, is not a sufficient writing to
satisfy the statute of frauds. The statute of frauds requires that a memorandum of an
agreement, in addition to being signed by the party to be charged, must be complete within
itself in every material detail and contain all of the essential elements of the agreement so
that the contract can be ascertained from the writings without resorting to oral testimony. 
Cohen v. McCutchin, 565 S.W.2d 230, 232 (Tex. 1978). The office note does not contain
many of the material details of the agreement, but only provides Sterrett's medical
background and a discussion of the surgeons' plan for surgery. Significantly, the note does
not contain the signature of Jacobs or Hawner, the signature of any person authorized to
sign for either of them, or the signature of any person authorized to sign for East Texas
Plastic Surgery Associates, P.A., or for Cosmetic Surgery Association of East Texas. The
statute requires the signature of the person to be charged. This authenticates the
document as reliable evidence of that person's agreement to the transaction. See Capital
Bank v. Am. Eyewear, Inc., 597 S.W.2d 17, 19 (Tex. Civ. App.-Dallas 1980, no writ). 
Sterrett has provided no evidence of a valid written contract or warranty. 

 Neither can Sterrett rely on implied warranties. Implied warranties do not apply to
a product provided as an inseparable part of the rendition of medical services. See Barbee
v. Rogers, 425 S.W.2d 342, 346 (Tex. 1968). In Barbee, the Texas Supreme Court found
that the failure of contact lenses to fit properly was due not to a product defect for which
the optometrist who supplied them was strictly liable, but rather to a negligent rendition of
his medical services. Sterrett has not complained the breast implants themselves were
defective. The actions taken by the doctors, about which Sterrett complains, were taken
in the rendition of their medical services. The implant procedure was an inseparable part
of their professional services as plastic surgeons. No implied warranties are therefore
applicable. See Walden v. Jeffery, 907 S.W.2d 446, 448 (Tex. 1995). 

 In the absence of a valid written contract or warranty, and in the absence of any
implied warranties, summary judgment was proper. We affirm the judgment. 


 

 Donald R. Ross

 Justice


Date Submitted: September 18, 2003

Date Decided: October 2, 2003

 



of their clients as support. That testimony reflects their understanding of the
existence of a partnership, but does not explain its scope. Testimony by client Buddy Barber that
he understood they had an agreement about one of the pieces of property at bar is not conclusive,
even if it were unopposed by conflicting evidence. In addition, Scherback assumes that, if the real
estate was purchased during the time period while the real estate agency partnership existed, then
the land was a partnership purchase. That is not a necessary implication from the testimony, and it
is not necessarily the case that the purchases were within the scope of the agency partnership that
actually existed.
            During the time the agency partnership existed, the McMennamys purchased several pieces
of property in their own names and borrowed money to finance the purchases. There is evidence that
Scherback received a commission from the McMennamys on those purchases and that the
McMennamys made all note payments and tax payments on the property.
            No findings of fact and conclusions of law were requested or filed. When findings of fact
and conclusions of law are neither requested nor filed, the judgment of the trial court implies all
findings necessary to support it, provided (1) the proposition is one raised by the pleadings and
supported by the evidence, and (2) the trial court's decision can be sustained on any reasonable theory
consistent with the evidence and the applicable law, after considering only the evidence that favors
the decision. See Tex. R. Civ. P. 299; Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). Thus,
the trial court's decision must be sustained on any reasonable theory consistent with the evidence and
the applicable law, considering only the evidence favorable to its decision. Holt Atherton Indus., Inc.
v. Heine, 835 S.W.2d 80, 83 (Tex. 1992); Martin v. Republic Land Tech., L.L.C., 63 S.W.3d 34,
35–36 (Tex. App.—San Antonio 2001, pet. denied). When the implied findings of fact are supported
by the evidence, we must uphold the judgment on any theory of law applicable to the case. Allen v.
Allen, 717 S.W.2d 311, 313 (Tex. 1986).
            At the most, the evidence is in conflict. This Court is not a fact-finder and may not pass on
the credibility of the witnesses or substitute its judgment for that of the trier of fact. Mar. Overseas
Corp. v. Ellis, 971 S.W.2d 402, 406–07 (Tex. 1998); Bellefonte Underwriters Ins. Co. v. Brown, 704
S.W.2d 742, 744 (Tex. 1986) (findings of fact are exclusive province of jury or trial court). It is not
within the province of this Court to interfere with the fact-finder's resolution of conflicts in the
evidence, or to pass on the weight or credibility of the witnesses' testimony. Sw. Airlines Co. v.
Jaeger, 867 S.W.2d 824, 829–30 (Tex. App.—El Paso 1993, writ denied). Where there is
conflicting evidence, the fact-finder's verdict on such matters is generally regarded as conclusive. 
Edmunds v. Sanders, 2 S.W.3d 697, 703 (Tex. App.—El Paso 1999, pet. denied); see Pool v. Ford
Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).
            The evidence above is factually sufficient to support the trial court's conclusion that
Scherback and the McMennamys did not agree to a partnership for the purpose of purchasing realty
together, since the finding was not against the great weight and preponderance of the evidence.
 
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          October 3, 2005
Date Decided:             November 14, 2005