In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00139-CV
______________________________


HATTIE SCHERBACK, Appellant
 
V.
 
JERRY MCMENNAMY AND LOUISE MCMENNAMY, Appellees


                                              

On Appeal from the 202nd Judicial District Court
 Bowie County, Texas
Trial Court No. 01C0376-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Evidence conflicted on whether Hattie Scherback was a partner with Jerry and Louise
McMennamy in various tracts of land purchased in the names of the McMennamys. After a trial to
the court,


 the trial court found that—while Scherback, a realtor, and Jerry McMennamy, not a
realtor, had been, until 1998, partners in Scherback's real estate sales business—Scherback was not
a partner with the McMennamys in the parcels of real estate they had purchased. We affirm the
judgment of the trial court.
            Scherback contends on appeal that the trial court's finding of no partnership as to the real
estate purchases is against the great weight and preponderance of the evidence. When a party attacks
the factual sufficiency of an adverse finding on an issue on which that party has the burden of proof,
the party must demonstrate on appeal that the adverse finding is against the great weight and
preponderance of the evidence. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). We
must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so
weak or if the finding is so against the great weight and preponderance of the evidence that it is
clearly wrong and unjust. Id. 
            A partnership is defined as an association of persons to carry on a business for profit as
owners. Tex. Rev. Civ. Stat. Ann. art. 6132b-2.02 (Vernon Supp. 2005). Article 6132b-2.03 sets
forth five factors to consider in determining whether a partnership has been created. Those factors
include (1) the receipt or right to receive a share of profits of the business, (2) the expression of an
intent to be partners of the business, (3) the participation or right to participate in control of the
business, (4) the sharing of or agreement to share losses of the business or liability for claims by third
parties against the business, and (5) the contribution of or an agreement to contribute money or
property to the business. Tex. Rev. Civ. Stat. Ann. art. 6132b-2.03(a) (Vernon Supp. 2005).
            The evidence is uncontested that Jerry and Scherback did have an agreement to split
commissions on real estate sales and that Jerry did work in the Scherback real estate sales office. 
Such evidence does not control the question of whether there was any agreement involving
Scherback to purchase properties as partners. And on this latter point, the evidence conflicts.
            Jerry testified that he worked with Scherback from late 1995 until May 1998, that he did not
have a partnership agreement with her to acquire land, and that the McMennamys' purchases of real
estate were entirely separate from Scherback. The evidence shows that the properties were
purchased in the McMennamys' names and that they personally financed their purchases and made
all note payments and tax payments on the properties.
            To the contrary, Scherback testified that they did have an agreement to purchase land together
and that their partnership extended far beyond the real estate practice itself. She also points to
testimony by two of their clients as support. That testimony reflects their understanding of the
existence of a partnership, but does not explain its scope. Testimony by client Buddy Barber that
he understood they had an agreement about one of the pieces of property at bar is not conclusive,
even if it were unopposed by conflicting evidence. In addition, Scherback assumes that, if the real
estate was purchased during the time period while the real estate agency partnership existed, then
the land was a partnership purchase. That is not a necessary implication from the testimony, and it
is not necessarily the case that the purchases were within the scope of the agency partnership that
actually existed.
            During the time the agency partnership existed, the McMennamys purchased several pieces
of property in their own names and borrowed money to finance the purchases. There is evidence that
Scherback received a commission from the McMennamys on those purchases and that the
McMennamys made all note payments and tax payments on the property.
            No findings of fact and conclusions of law were requested or filed. When findings of fact
and conclusions of law are neither requested nor filed, the judgment of the trial court implies all
findings necessary to support it, provided (1) the proposition is one raised by the pleadings and
supported by the evidence, and (2) the trial court's decision can be sustained on any reasonable theory
consistent with the evidence and the applicable law, after considering only the evidence that favors
the decision. See Tex. R. Civ. P. 299; Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). Thus,
the trial court's decision must be sustained on any reasonable theory consistent with the evidence and
the applicable law, considering only the evidence favorable to its decision. Holt Atherton Indus., Inc.
v. Heine, 835 S.W.2d 80, 83 (Tex. 1992); Martin v. Republic Land Tech., L.L.C., 63 S.W.3d 34,
35–36 (Tex. App.—San Antonio 2001, pet. denied). When the implied findings of fact are supported
by the evidence, we must uphold the judgment on any theory of law applicable to the case. Allen v.
Allen, 717 S.W.2d 311, 313 (Tex. 1986).
            At the most, the evidence is in conflict. This Court is not a fact-finder and may not pass on
the credibility of the witnesses or substitute its judgment for that of the trier of fact. Mar. Overseas
Corp. v. Ellis, 971 S.W.2d 402, 406–07 (Tex. 1998); Bellefonte Underwriters Ins. Co. v. Brown, 704
S.W.2d 742, 744 (Tex. 1986) (findings of fact are exclusive province of jury or trial court). It is not
within the province of this Court to interfere with the fact-finder's resolution of conflicts in the
evidence, or to pass on the weight or credibility of the witnesses' testimony. Sw. Airlines Co. v.
Jaeger, 867 S.W.2d 824, 829–30 (Tex. App.—El Paso 1993, writ denied). Where there is
conflicting evidence, the fact-finder's verdict on such matters is generally regarded as conclusive. 
Edmunds v. Sanders, 2 S.W.3d 697, 703 (Tex. App.—El Paso 1999, pet. denied); see Pool v. Ford
Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).
            The evidence above is factually sufficient to support the trial court's conclusion that
Scherback and the McMennamys did not agree to a partnership for the purpose of purchasing realty
together, since the finding was not against the great weight and preponderance of the evidence.
 
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          October 3, 2005
Date Decided:             November 14, 2005